THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JERRY C. LAIRD, Defendant-Appellant.

(No. 72-354;

Fifth District—May 30, 1973.

Hanagan, Dousman & Giamanco, of Mt. Vernon, (Paul D. Giamanco, of counsel,) for appellant.

Robert F. A. Stocke, State's Attorney, of Louisville, for the People.

PER CURIAM:

Defendant, Jerry C. Laird, was found guilty of unlawful possession of cannabis after a bench trial in the Circuit Court of Clay County. He was placed on probation for two and one-half years with the first six months to be served at the Illinois State Farm at Vandalia. On this direct appeal he contends that his Motion to Suppress Evidence was improperly denied and that the sentence is excessive.

Defendant was driving his Dodge truck van on the State highway and was stopped by an Illinois State Trooper for driving five miles an hour over the speed limit. After stopping the defendant, the trooper also noticed that there were no lights on the rear license plate of the van. The van was licensed as a recreational vehicle and the trooper inquired as to what was being hauled in the van. Defendant voluntarily opened the back of the van and displayed a homemade bed in the rear of the van. The trooper testified that at this time he detected the odor of cannabis or marijuana from the van. The evidence disclosed that a pipe which had been smoked was in the van and supposedly carried the odor. He then searched the defendant and a passenger for weapons and made a search of the van. Behind the driver's seat was a white plastic bag. Upon feeling the contents he suspected marijuana, he then untied the bag and looked inside and concluded that the contents were marijuana. He then placed defendant under arrest for possession of marijuana.

■■ The real question on the motion to suppress was whether the detection of the odor of marijuana emanating from the vehicle gave the arresting officer probable cause to search. We find that under the circumstances here present that it did. See *People v. Erb*, 128 Ill.App.2d 126.

■■ This case illustrates the reason why an automobile may be searched under circumstances which would not justify a search of a home. When defendant was stopped for a speeding violation, the officer could detain him. However at that point he had no basis to hold the passenger. Had he gone with defendant to get a warrant, the passenger could have departed with the van, or the marijuana, or both.

■■ Under the new Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, sec. 1005—6—3(d)), the six months term of imprisonment at the Illinois State Farm is no longer permitted. With it removed the sentence is not excessive.

Sentence modified and judgment affirmed.