THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CLYDE D. WISEMAN, Defendant-Appellant.

(No. 73-13; )

Fifth District—October 26, 1973.

*Rehearing denied November 19, 1973.*

Robert H. Rath and Ralph W. Choisser, both of Harrisburg, for appellant.

Frank Bonan, State's Attorney, of McLeansboro, for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

Clyde D. Wiseman was convicted of theft of property of a value exceeding $150 after a jury trial in the circuit court of Hamilton County,

Illinois. He was sentenced to the Illinois State Penitentiary for a term of not less than one nor more than three years. The case is here on direct appeal.

Appellant's first contention is that the trial court should have granted his motion to suppress.

Appellant was arrested in Owensboro, Kentucky and his Chevrolet station wagon was searched by the police who found a notary seal in the glove compartment. Through the name on the notary seal they were able to contact the party in Dale, Illinois, who identified various objects in appellant's car such as a TV set and stereo tapes as property stolen from his store the night before. Since permission to search the car had not been granted, nor had a search warrant been obtained, the question is whether the police had a right to conduct the search at the time it was made. The police had first contacted Wiseman at a pawn shop when he was attempting to sell some stereo tapes. They then had Wiseman drive to the police garage and the search took place after the station wagon had been parked at the police garage.

Had an immediate search been made of the car in the parking lot by the pawn shop, it might have been justified. However, when the car was in police custody and parked in the police garage there was no danger of the evidence being destroyed or removed since the car and its contents were under the control of the police. We note the difference in the circumstances involved here from those in our recently decided case of *People v. Laird*, 11 Ill.App.3d 414. At the time and place where this search was made, there were no special circumstances to justify a search without a warrant. Thus the motion to suppress should have been granted.

Appellant also contends that the failure of the trial court to comply with section 114—12(e) of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 114—12(e)) is reversible error. In view of our finding that the motion to suppress should have been granted, we do not have to pass on this question. However, we do wish to point out that review is made easier when the trial court has complied with subsection (e) and made findings of fact and conclusions of law.

Judgment reversed and cause remanded with instructions to grant the motion to suppress.

Reversed and remanded.

EBERSPACHER, P. J., and G. MORAN, J., concur.