THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CALVIN C. TIPPIT, Defendant-Appellant.

(No. 57940; 

First District (2nd Division)—January 16, 1974.

James J. Doherty, Public Defender, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, for the People.

Mr. JUSTICE STAMOS delivered the opinion of the court:

Defendant, Calvin C. Tippit, was convicted, following a bench trial, of unlawful use of weapons in violation of Ill. Rev. Stat. 1971, ch. 38, par. 24—1(a)(4), and sentenced to two months in the County Jail. He was also convicted of possessing a handgun "while ineligible to register firearms" in violation of chapter 11.1, section 15 of the Municipal Code of the City of Chicago, and fined $60 on that charge. On appeal he argues that his motion to suppress the .22 caliber revolver in question should have been granted because it was obtained as the result of an illegal search of his person.

On the motion to suppress, Police Officer James Thomas testified that he was on duty and assigned to Crane High School. He had brought defendant and his companion, who were loitering in the hall of the school, from the third floor to the Principal's office to be disciplined. Also present in the Principal's office, in addition to defendant and his companion, was Officer Earl Alexander. When Alexander "detected a scent of marijuana," the witness searched the other individual and discovered marijuana. He asked defendant to stand up so he could search him. When the defendant failed to comply with the request, the officer placed his hand on defendant to help him get up, and as he reached to grab

defendant he felt a bulge in defendant's jacket. The bulge was the .22 caliber revolver.

Earl Alexander was present when Officer Thomas brought defendant and another individual into the office and testified "After their presence had been in the room for a few minutes, he detected a strong odor that is associated with marijuana," a reaction based on twelve years' experience on the Chicago Police Department and "numerous arrests" for marijuana. Only defendant, one other youth, Officer Thomas and he were present.

The motion to suppress was denied, the weapon was admitted into evidence, and the court entered findings of guilty.

Defendant contends that he was not arrested prior to the search, and that there existed no probable cause for arrest. Furthermore, the testimony of the officers did not disclose that they reasonably suspected that they were in danger of attack. Therefore, defendant concludes, the search was unlawful. The State argues, however, that there existed probable cause for the officers to believe an offense was being committed in their presence. The smell of marijuana, the State contends, was a sufficient basis for the officers to believe that a crime was being committed in their presence. The State relies on *People v. Erb,* 128 Ill.App.2d 126, 261 N.E.2d 431.\* There, two police officers approached a parked car at 3:00 A.M. and asked the driver for identification. One officer smelled what he thought to be the odor of marijuana emitting from the car, both from two persons in the car and later from the two other persons who were standing at the side of the car. The officer placed the driver and the other occupant of the car under arrest and searched them. A pistol was discovered on the passenger. After placing the occupants of the vehicle in the squad car, one officer motioned another defendant to come over and empty his pockets and found a packet which appeared to be marijuana and he was placed in the squad car. One of the officers then recalled seeing defendant Erb throw an object to the ground eight or ten minutes earlier and Erb was placed under arrest before a packet was found in the nearby weeds. The court stated:

> "The entire circumstances confronting the officers must be viewed to determine whether they had reasonable cause to arrest the defendants. The arrest and subsequent search proceeded directly out of an investigation pursuant to apparent violations of traffic laws prohibiting stopping or parking on a public highway or bridge (Ill. Rev. Stat. 1967, c. 95½, §§ 185, 187) and operating a motor vehicle on a public highway without proper lights (Ill.

---

\* Also see *People v. Wolf,* 15 Ill.App.3d 374.

Rev. Stat. 1967, c. 95½, § 200). Testimony of the 'odor of marijuana emitting from the vehicle and from all of the persons,' justified the further belief that more than a traffic violation was involved. Where the smell of contraband is established to the satisfaction of the court, it is sufficient basis under proper circumstances for officers to believe that a crime is being committed in their presence. See United States v. King, 305 F. Supp. 630, 633 (1969) and cases therein cited; People v. Jackson, 241 Cal.App.2d 189, 50 Cal. Rptr. 437, 438 (1966); and People v. Christensen, 2 Cal.App.3d 546, 83 Cal. Rptr. 17, 19 (1969)." 128 Ill.App.2d 126, 132.

Under all the circumstances in the case at bar the officer had probable cause to believe an offense was being committed in his presence and that defendant was the person committing it. (Accord *People v. Laird,* 11 Ill.App.3d 414, 296 N.E.2d 864.) Probable cause to support an arrest was present and the search was justified. Defendant's emphasis on the fact that he was not formally arrested until after the search is misplaced. Again we rely on *People v. Erb, supra,* wherein the court stated:

"Since the police had probable cause in our opinion to detain her [defendant] and undertake a search at the arrest site * * *, the probable cause to arrest existed at the scene, and the arrest may be considered to have been made at that time * * *." 128 Ill.App.2d 126, 134.

Accordingly, the motion to suppress the evidence was properly denied and the judgment of the Circuit Court of Cook County is therefore affirmed.

Affirmed.

LEIGHTON and DOWNING, JJ., concur.