THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JOE ARGENIAN, Defendant-Appellee.

Third District    No. 80-653

Opinion filed June 30, 1981.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Joe R. Vespa, of Peoria, for appellee.

Mr. JUSTICE HEIPLE delivered the opinion of the court:

This is an appeal by the People of the State of Illinois, hereinafter referred to as the State, from an order of the Circuit Court of Peoria County suppressing as evidence the .25-caliber automatic pistol found in the closed, but unlocked, glove compartment of the defendant's vehicle. The defendant, Joe Argenian, had been charged with the unlawful use of weapons.

At the hearing on the defendant's motion to suppress, Officer Robert Nelson testified that on May 13, 1980, at approximately 2:15 a.m., he was dispatched to the 1000 block of Main in Peoria, Illinois, to investigate a traffic accident. Upon his arrival, he determined that a 1979 Buick LeSabre belonged to the defendant, who was not seated within the car when the officer arrived. During the course of his investigation of the accident, the officer observed a strong and what he believed to be a distinctive odor emanating from within the defendant's vehicle. Officer Nelson stated that he had been a police officer for more than eight years and that during that time he has smelled burning cannabis twice in controlled instructional settings, and 40 to 50 times while on duty. In his estimation, approximately 90 percent of the time, laboratory tests performed after such occasions demonstrated the substance he had smelled burning to actually be cannabis. Based on his experience, he believed that the odor coming from within defendant's vehicle was burning cannabis, and he then proceeded to conduct a warrantless search of the vehicle looking for cannabis. During the course of the search, he found a .25-caliber automatic pistol in the closed, but unlocked, glove compartment of the car. The officer did not find any cannabis. He subsequently determined that the odor came from a pipe located in the ashtray and which apparently contained only regular tobacco.

The State argues that the officer reasonably believed a crime was being committed and, therefore, was justified in conducting a warrantless search. The trial court, on the other hand, found that the officer's belief that the odor was caused by burning marijuana was unreasonable. The judge suppressed the evidence.

■■ ■ If the smoke from ordinary pipe tobacco and the smoke from marijuana are indeed distinctive, separable and unique, then there is no reason why a qualified police officer who is trained to know the smell of burning marijuana should make a mistake between the two. The fact that the officer made the mistake raises several distinct possibilities. They are: First, that there is no clear recognizable difference between the smell of burning pipe tobacco and burning marijuana. If this is the case, then the search of an automobile, merely because the officer smelled what he

thought was marijuana burning, would be unreasonable. Second, that the officer simply did not tell the truth and used the smell of the pipe tobacco as a pretext for a search while falsely claiming that he thought he smelled burning marijuana. Third, that while there is a distinct and recognizable difference between the two smells, that the officer in the instant case has insufficient training to know the difference or has a wooden nose. The test of the search is the reasonableness of the officer's conduct based on an analysis of that conduct at its inception. It is true, of course, that searches will not be suppressed *merely* because the officer did not find what he was looking for. In this case, however, the lack of marijuana in the car demonstrates that the officer's stated belief that the odor in the car was caused by burning marijuana was unreasonable. The officer's testimony was not corroborated in any way by any other testimony or evidence. The trial judge's ruling that the officer's belief that the odor was caused by burning marijuana was unreasonable must be affirmed.

To hold otherwise would be to give an unlimited license to any police officer to search any and all vehicles merely on his uncorroborated testimony that he was an expert marijuana sniffer and that he smelled marijuana in the car. That testimony could conveniently be used to justify any search at any time whether or not there was marijuana on the premises and whether or not the officer was a qualified expert or was honestly mistaken or actually lying. More is required.

The suppression order of the trial judge is affirmed.

BARRY and STOUDER, JJ., concur.