THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
RANDALL T. WOMBACHER *et al.*, Defendants-Appellees.

Third District    Nos. 81-464, 81-463 cons.

Opinion filed March 16, 1982.

Edward Zukosky, State's Attorney, of Wenona (John X. Breslin and Gary Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Kevin R. Galley, of Pace & McCuskey, of Lacon, for appellees.

JUSTICE STOUDER delivered the opinion of the court:

Defendants Randall Wombacher and Kenneth Cline were charged with unlawful possession of cannabis and filed motions to suppress evidence. After a hearing on the merits, the circuit court of Marshall County granted the motions, and the State appeals pursuant to Supreme Court Rule 604(a)(1) (Ill. Rev. Stat. 1979, ch. 110A, par. 604(a)(1)).

At approximately 1:15 a.m. on June 8, 1981, Officer Charles Lohr, and another officer in a second vehicle, stopped at an intersection near a service station. While at the intersection he noticed a vehicle parked at the station, but finding nothing unusual about its presence, he proceeded on his patrol. After passing the area, however, he looked in his rear view mirror and noticed an individual walking toward the parked automobile. As there had been a number of recent thefts from vending machines, he made a U-turn and returned to the station. The other officer continued on.

Defendants had been waiting in the parked vehicle for its owner to return with the soft drinks he had stopped to purchase. When he returned and began to drive out of the station, Officer Lohr pulled into the station with his overhead lights flashing. The driver then stopped, and both he and the officer got out of their automobiles. Officer Lohr recognized the driver and asked him what he was doing at the station. After he explained that he had stopped for some soft drinks, the officer walked over to the vehicle and shined his flashlight into its interior. Noticing defendants, one of whom he also recognized, and the presence of smoke, he drew nearer to the automobile to detect any odor which might have been emanating from within. At trial, Officer Lohr testified that, based upon his past experience in the performance of his duties, it was his belief the smoke had been produced by burning cannabis. While other officers arrived at the scene, none corroborated his opinion.

Defendants were then ordered out of the vehicle, and it was searched. Finding nothing therein, Officer Lohr ordered defendants to step up against the automobile to be searched. According to defendant Wombacher, the officer found two devices used to smoke cannabis. Officer Lohr testified that he also found a small amount of cannabis. At this time, both defendants were arrested and taken to the Marshall County jail. Once there, cannabis was discovered on the persons of both defendants.

Presented for our review is the issue of whether the uncorroborated testimony of a police officer that he smelled cannabis smoke is sufficient to establish probable cause to justify a warrantless search. This issue has been most recently addressed in *People v. Argenian* (1981), 97 Ill. App. 3d 592, 423 N.E.2d 289. In that case an officer had been dispatched to investigate a traffic accident. During his ensuing investigation, he became aware of an odor, which based upon his experience and police instruction he believed was produced by burning cannabis, emanating from the defendant's automobile. The officer proceeded with a warrantless search of the vehicle and found a handgun in the glove compartment, but no cannabis. He subsequently determined that the odor came from a pipe containing regular pipe tobacco. In affirming the trial court's suppression of the handgun, the court noted that the officer's testimony was not corroborated in any way by any other testimony or evidence and explained:

"To hold otherwise would be to give an unlimited license to any police officer to search any and all vehicles merely on his uncorroborated testimony that he was an expert marijuana sniffer and that he smelled marijuana in the car. That testimony could conveniently be used to justify any search at any time whether or not there was marijuana on the premises and whether or not the officer was

a qualified expert or was honestly mistaken or actually lying. More is required." *People v. Argenian* (1981), 97 Ill. App. 3d 592, 594, 423 N.E.2d 289, 290.

The State contends *Argenian* should be confined to its facts and that it is not representative of the case law of this State. We disagree.

■■ The former contention is implicitly premised on the fact the search in *Argenian* revealed no cannabis, while the search at bar did. It is axiomatic that the legality of a search is not determined by its results. *People v. Peak* (1963), 29 Ill. 2d 343, 194 N.E.2d 322.

The latter contention stems from a series of decisions beginning with *People v. Erb* (1970), 128 Ill. App. 2d 126, 261 N.E.2d 431. *Erb* involved an investigation of an automobile parked on a bridge in apparent violation of two traffic laws. When the officer asked its driver for identification, he smelled the odor of burning cannabis. He then placed the driver and a passenger under arrest, searched them, and discovered a pistol. The defendants had exited the vehicle shortly before the police arrived and had been standing on the shoulder of the road. One defendant was asked to empty his pockets, after which the officer reached into the defendant's jacket pocket and discovered cannabis. The other defendant was seen tossing something toward a ditch which was subsequently found and identified as cannabis.

While *Erb* is cited by the State as authority for the proposition that the uncorroborated testimony of an officer that he smelled burning cannabis establishes probable cause justifying a warrantless search, the facts of that case do not frame the issue. While the court found the smell of contraband, under proper circumstances, is a basis for believing a crime is being committed, it carefully explained the reasons for the finding of probable cause:

> "[I]t was reasonable for Deputy Neuman to meanwhile keep defendants, Erb and Weiss, under observation, as persons who had alighted from the car just previously and remained in the vicinity of it. While it is true that the finding of a weapon on the person of one of the other passengers justified a pat-down search of Weiss, Officer Ory was not confined herein to such a limited search because the smell of marijuana that he observed to emanate from the car and Weiss's person afforded him sufficient probable cause to believe a crime had just been or was being committed. The officers were not obliged to assume that Weiss had emptied everything from his pockets and were reasonably justified in making the further search. Officer Neuman's report to Ory as to defendant Erb's suspicious movements and the finding of the packet near her, gave probable cause for her detention and search." *(People v. Erb* (1970), 128 Ill. App. 2d 126, 134, 261 N.E.2d 431, 434-35.)

It can thus be seen that the "proper circumstances" in the case included the discovery of a weapon and the suspicious movements. We also note that two traffic violations had been committed.

Following *Erb*, cannabis was again held to have been discovered in a legal search in *People v. Wolf* (1973), 15 Ill. App. 3d 374, 304 N.E.2d 512, *aff'd* (1975), 60 Ill. 2d 230, 326 N.E.2d 766, *cert. denied* (1975), 423 U.S. 946, 46 L. Ed. 2d 280, 96 S. Ct. 361. In that case, an automobile was stopped as it had only a single license plate attached only by a wire. Thinking that this suggested the vehicle might have been stolen, the officer opened the driver's door to check the vehicle identification number on the doorpost and smelled cannabis smoke. He then asked another officer to come to the vehicle to verify his opinion. In *People v. Loe* (1973), 16 Ill. App. 3d 291, 306 N.E.2d 368, the police officer stopped a vehicle with only one license plate and noticed a passenger reach down and duck from view. The driver left the vehicle in a hurried manner and the officer, after smelling the odor of cannabis, ordered the passenger out of the vehicle. When the door opened, a cannabis cigarette "roach" was in plain view on the floor. In *People v. Smith* (1978), 67 Ill. App. 3d 952, 385 N.E.2d 707, the defendant was observed speeding and then driving in an erratic manner. The officer followed his vehicle, and when defendant accelerated to 70 miles per hour in a 35-mile-per-hour zone, the officer stopped him. When he asked the name of a passenger, he smelled the odor of burned cannabis and noticed a glass containing liquid on the front seat. Upon smelling it, he determined it contained alcohol. In these cases, as in *Erb* itself, it can be seen that there are one or more elements in some fashion corroborating the testimony regarding the smell of burning or burned cannabis.

The only decisions which follow *Erb* and support the State's position are *People v. Laird* (1973), 11 Ill. App. 3d 414, 296 N.E.2d 864, *appeal denied* (1973), 54 Ill. 2d 594, and *People v. Tippit* (1974), 17 Ill. App. 3d 163, 308 N.E.2d 15. In *Laird*, the police officer stopped the defendant for driving five miles an hour over the speed limit and noticed he had no lights on his rear license plate. The officer asked the defendant what he was hauling in his van, and the defendant opened its back door and displayed a homemade bed. The officer smelled cannabis and searched the defendant, his passenger, and the van. Cannabis was found behind the driver's seat. While certain traffic violations, such as the erratic driving and very excessive speeding in *Smith*, might be considered corroborative evidence, the minor violations here demonstrate no realistic nexus with the use of cannabis. We believe the better view was expressed in *People v. Lichtenheld* (1976), 44 Ill. App. 3d 647, 358 N.E.2d 694, *appeal denied* (1977), 65 Ill. 2d 583. The defendant in that case was stopped for having one headlight out. While the court primarily rested its decision on the fact

the officer smelled cannabis while inside the automobile without reason, it noted that "[t]raffic violations, particularly of the kind here involved which can be inadvertent and with no indication of an attempt to avoid identification do not in themselves suggest criminal activity" *People v. Lichtenheld* (1976), 44 Ill. App. 3d 647, 649, 358 N.E.2d 694, 695-96.

In *Tippit*, no vehicle was involved. The defendant and a companion were loitering in the hall of a high school and were brought by a police officer to the principal's office. Another officer smelled cannabis, searched the companion, and found it. When the defendant did not stand to be searched, the officer reached to grab him and felt a bulge in his jacket. The bulge was from a handgun. While obviously inapposite to the case at bar and the other decisions cited herein, we cite the decision as the court upheld the search on the authority of *Erb*. Other nonvehicular searches based on the smell of cannabis have not been similarly sanctioned. *Cf. People v. Spriggs* (1976), 38 Ill. App. 3d 737, 348 N.E.2d 468 (noting *Tippit's* reliance on, and distinguishing, *Erb*); *People v. Creed* (1975), 34 Ill. App. 3d 282, 339 N.E.2d 305 (distinguishing *Erb*).

In the case at bar, defendants were passengers in a parked automobile, the driver of which had stopped for some soft drinks. No traffic law had been violated. Officer Lohr investigated the situation as he saw the driver walking toward his vehicle and he was aware of a number of vending machine thefts. His investigation revealed no vending machine theft, and when he put on his overhead flashing lights, the driver of the pursued automobile immediately stopped in an orderly fashion. Why then did the officer walk over to the vehicle, examine its interior with a flashlight, and get as close as possible in order to smell? The driver, whom Officer Lohr knew, had already gotten out of the automobile and explained its presence. The answer is apparent from his testimony:

"Q. And what was the reason for searching them?

A. I had reason to believe they had cannabis on their person, contraband.

Q. And what was the reason that you—what was your reason for believing that Kenneth E. Cline had cannabis on his person?

A. I have known Kenneth for quite a while. I have had people tell me that—that he was a heavy user of drugs. When I came to the car and all that smoke was in there, I just figured he had some on him.

\* \* \*

Q. So everything that you have heard about the two defendants, Mr. Cline and Mr. Wombacher, would be gross hearsay, what people have told you they're into; is that correct?

A. Yes, that's correct.

Q. And you recognized these two individuals when you first approached the vehicle?

A. I recognized one individual.

Q. So then the next thing you would have done is ordered them out of the vehicle; is that correct?

A. After I smelled—observed and smelled the smoke, asked them to leave the vehicle."

■■ We concur with the *Argenian* court that to hold that the uncorroborated testimony of a police officer that he smelled the odor of cannabis is sufficient to establish probable cause justifying a search would be to give an unlimited license to conduct searches. As was said in reference to a nonvehicular search, "The cases indicate, however, that there must be more than the mere alleged smell of marijuana." (*People v. Creed* (1975), 34 Ill. App. 3d 282, 285, 339 N.E.2d 305, 308.) As was repeated in reference to the vehicular search in *Argenian*, "More is required." *People v. Argenian* (1981), 97 Ill. App. 3d 592, 594, 423 N.E.2d 289, 290.

Accordingly, the suppression orders of the circuit court of Marshall County are affirmed.

Affirmed.

SCOTT and HEIPLE, JJ., concur.