(No. 59986.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. ROBERT L. STOUT, Appellee.

*Opinion filed April 19, 1985.*

Neil F. Hartigan, Attorney General, of Springfield, and John A. Barra, State's Attorney, of Peoria (Mark L. Rotert and Sally L. Dilgart, Assistant Attorneys General, of Chicago, and John X. Breslin and Rita Kennedy Mertel, of the State's Attorneys Appellate Service Commission, of Ottawa, of counsel), for the People.

Robert Agostinelli, Deputy Defender, of the Office of the State Appellate Defender, of Ottawa, for appellee.

CHIEF JUSTICE CLARK delivered the opinion of the court:

Defendant, Robert L. Stout, was charged by indictment with two counts of unlawful possession of controlled substances, cocaine and codeine, pursuant to sec-

tion 402(b) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1981, ch. 56½, par. 1402(b)). After a hearing in the circuit court of Peoria County, the trial court judge granted Stout's pretrial suppression motion. In a Rule 23 order (87 Ill. 2d R. 23), the appellate court affirmed the circuit court (122 Ill. App. 3d 1166). The State's petition for leave to appeal was subsequently granted by this court.

The facts of the case are uncontested. At approximately 12:20 a.m., while on his routine patrol, Officer Stephen Eakle saw the defendant make an illegal turn in his automobile. After the officer signaled the defendant to stop, the defendant pulled over to the curb and exited his car. The defendant met Eakle halfway between his car and Eakle's vehicle. Eakle advised the defendant that he had been stopped for an illegal right turn, and the defendant displayed his driver's license upon Eakle's request.

At this time, Eakle observed that two passengers remained in the defendant's car. He approached the defendant's car, intending to check the two passengers in order to ensure his own safety. While standing near the driver's door through which Stout had just passed, Eakle noticed that the window was nearly all the way down, and Eakle testified that he detected the odor of burning cannabis. A subsequent warrantless search of the defendant by Eakle produced a vial of cocaine and several codeine capsules.

The defendant filed a motion to suppress the substances on the ground that the officer lacked probable cause to conduct the search. At the hearing on the defendant's motion to suppress, Eakle testified that his earlier training and experience as a police officer had enabled him to recognize the odor of burning cannabis. Eakle testified to the following: (1) that during a training session, he had smelled the odor of a burning confis-

cated substance later confirmed to be cannabis; (2) that he had also smelled the odor of burning substances, later confirmed by forensic scientists as cannabis, on "numerous other occasions" during his seven-year employment as a patrol officer; and (3) that he had smelled the odor of cannabis in college.

The trial court granted the defendant's motion to suppress the evidence. In so ruling, the trial judge specifically found that "the police officer (Eakle) was credible." The trial judge went on to state that the only basis for allowing the motion to suppress was his interpretation of *People v. Wombacher* (1982), 104 Ill. App. 3d 812, and *People v. Argenian* (1981), 97 Ill. App. 3d 592. The trial judge also suppressed statements made by the defendant following the search as the "fruit of the poisonous tree."

The appellate court, in affirming the trial court's decision, also placed complete reliance on *Wombacher* and *Argenian*. It is from this decision that the State now appeals.

The sole issue before this court is whether the detection of the odor of cannabis emanating from the defendant's vehicle gave the arresting officer probable cause to conduct a warrantless search.

Although this court has not directly dealt with this issue in the past, it has been dealt with by districts of the appellate court of this State. However, there has been a lack of uniformity in the appellate court's decisions in this area of the law. We will, therefore, begin our analysis with a brief overview of the six appellate court opinions which have dealt with the issue at bar.

In the fifth district case of *People v. Smith* (1978), 67 Ill. App. 3d 952, a police officer stopped the defendant for a traffic violation. The officer testified that, as he approached the defendant's car to ascertain the identity of the passenger in the car, he bent down at the open car

door and smelled the odor of burned marijuana and alcohol emanating from the interior. The officer stated that he was trained and experienced in detecting these odors.

Prior to trial, the defendant filed a motion to suppress the evidence which he alleged was illegally seized. At the conclusion of the suppression hearing, the trial judge denied the defendant's motion. In affirming the circuit court, the appellate court held that the police officer's "detection of the smell of marijuana and alcohol gave him a reasonable basis to believe that a crime was being committed in his presence thus justifying under the circumstances a warrantless search of the automobile." 67 Ill. App. 3d 952, 960.

In another fifth district case, *People v. Laird* (1973), 11 Ill. App. 3d 414, the defendant was stopped by a police officer for exceeding the speed limit. When the defendant opened the door to his car, the officer detected the odor of burning cannabis. He then searched the defendant and the defendant's car, at which time he found cannabis.

The appellate court agreed with the lower court's holding that the detection of the odor of cannabis emanating from the defendant's vehicle gave the officer probable cause to search. The appellate court stated:

"This case illustrates the reason why an automobile may be searched under circumstances which would not justify a search of a home. When defendant was stopped for a speeding violation, the officer could detain him. However at that point he had no basis to hold the passenger. Had he gone with defendant to get a warrant, the passenger could have departed with the van, or the marijuana, or both." 11 Ill. App. 3d 414, 415.

The second district case of *People v. Erb* (1970), 128 Ill. App. 2d 126, was factually similar to *People v. Laird*. In *Erb*, the court stated:

"The entire circumstances confronting the officers

must be viewed to determine whether they had reasonable cause to arrest the defendants. \*\*\* Where the smell of contraband is established to the satisfaction of the court, it is a sufficient basis under proper circumstances for officers to believe that a crime is being committed in their presence." 128 Ill. App. 2d 126, 132.

In the third district case of *People v. Loe* (1973), 16 Ill. App. 3d 291, the defendant was stopped by a police officer for a traffic violation. When the officer approached the lowered window of the vehicle, he testified that he smelled the odor of burning marijuana. The officer then searched the vehicle and found LSD.

The question on appeal was whether the officer had probable cause to search the vehicle without a warrant. The appellate court concluded that the search of the automobile was based on probable cause and was not made in violation of the defendant's constitutional rights. In so concluding, the court reasoned:

"It appears that at the point when the officer had detected the odor of marijuana and, also, noted the roach butt on the floor, he had probable cause for entering the automobile and searching for marijuana. The smell of the contraband was a sufficient basis for a police officer to believe that a crime was being committed in his presence." 16 Ill. App. 3d 291, 293.

However, the third district has also reached the opposite holding under virtually the same factual situation on two separate occasions: namely, *People v. Argenian* (1981), 97 Ill. App. 3d 592, and *People v. Wombacher* (1982), 104 Ill. App. 3d 812.

In *Argenian,* an officer had been dispatched to investigate a traffic accident. During his ensuing investigation, he became aware of an odor which, based upon his experience and training, he believed was produced by burning cannabis, emanating from the defendant's automobile. The officer proceeded with a warrantless search of the vehicle and found a handgun in the glove compart-

ment, but no cannabis. In affirming the trial court's suppression of the handgun, the appellate court reasoned that even though the officer was experienced and trained in the narcotics area, his testimony was not corroborated in any way by any other testimony or evidence. The court went on to state:

> "To hold otherwise would be to give an unlimited license to any police officer to search any and all vehicles merely on his uncorroborated testimony that he was an expert marijuana sniffer and that he smelled marijuana in the car. That testimony could conveniently be used to justify any search at any time whether or not there was marijuana on the premises and whether or not the officer was a qualified expert or was honestly mistaken or actually lying. More is required." 97 Ill. App. 3d 592, 594.

In *Wombacher*, a police officer stopped the defendants to question them regarding recent thefts in the area. As the officer drew nearer to the car, he detected the odor which he believed (based upon his past experience in the performance of his duties) had been produced by burning cannabis. When other officers arrived at the scene, none corroborated his opinion.

Prior to their trial, the defendants filed a motion to suppress the evidence obtained during the search. The trial court granted their motion. On appeal, the issue was whether the uncorroborated testimony of a police officer—that he smelled cannabis smoke—was sufficient to establish probable cause to justify a warrantless search.

The appellate court, concurring with the *Argenian* court, stated that "to hold that the uncorroborated testimony of a police officer that he smelled the odor of cannabis is sufficient to establish probable cause justifying a search would be to give an unlimited license to conduct searches. '*** [T]here must be more than the mere alleged smell of marijuana.' " 104 Ill. App. 3d 812, 817.

After reviewing the aforementioned decisions, it is evident that the appellate court is divided on the issue presented in the case at bar.

It has long been recognized that the constitutional safeguards contained in section 6 of article I of the Illinois Constitution, and the fourth amendment to the United States Constitution, do not prohibit all searches made without a warrant, but only those which are unreasonable. (See *United States v. Rabinowitz* (1950), 339 U. S. 56, 94 L. Ed. 653, 70 S. Ct. 430; *People v. Watkins* (1960), 19 Ill. 2d 11.) The critical issue in each case is whether the situation that confronts an officer justifies the search. (*People v. Smith* (1983), 95 Ill. 2d 412.) What constitutes probable cause for searches and seizures must be determined from the standpoint of the arresting officer, with his skill and knowledge, rather than from the standpoint of the average citizen under similar circumstances. 95 Ill. 2d 412, 419-20.

This court has recognized that automobiles, by their nature, are mobile and has distinguished the search of automobiles from the search of buildings. (*People v. Wolf* (1975), 60 Ill. 2d 230.) Because automobiles may readily be driven away, it is often impossible for law-enforcement officers to obtain warrants for their search, and the courts have taken this factor into consideration in determining the reasonableness of the searches of automobiles. This so-called "automobile exception" to the warrant requirement is also supported by the diminished expectation of privacy which surrounds the automobile and which arises from the facts (1) that a car is used for transportation and not as a residence or a repository of personal effects, (2) that a car's occupants and contents travel in plain view, and (3) that automobiles are highly regulated by government.

Police officers often must act upon a quick appraisal of the data before them, and the reasonableness of their

conduct must be judged on the basis of their responsibility to prevent crime and to catch criminals.

In the case at bar, Officer Eakle testified that he detected the odor of burning cannabis from inside the defendant's car. This "detection" was not based upon an unfounded assumption. To the contrary, Officer Eakle testified that he had smelled the odor of burning cannabis on "numerous other occasions" during his seven-year employment as a patrol officer. The trial judge found that Eakle's testimony was "credible," a finding which we feel is supported by the record in this case.

This court has held that distinctive odors can be persuasive evidence of probable cause. A police officer's detection of controlled substances by their smell has been held to be a permissible method of establishing probable cause. This method of detection does not constitute an unconstitutional search. See *People v. Campbell* (1977), 67 Ill. 2d 308, 315.

In the case at bar, it was the duty of Officer Eakle, when confronted with circumstances which tended to indicate that criminal activity was taking place, to investigate in order to determine whether such criminal activity in fact existed. Based on the particular facts of this case, including the officer's experience and training in the detection of controlled substances, we find that probable cause existed to justify the warrantless search.

Just as this court has never defined the quantum of knowledge necessary for the admissibility of expert witness testimony, this court will not bite at the defendant's lure to define the exact number of training hours or employment years necessary to render an officer's belief reliable. As stated earlier, what constitutes probable cause for searches and seizures must be determined from the standpoint of the officer, with *his skill and knowledge* being taken into account, and the subsequent credibility determinations must be made by the trial court. A

defendant may cross-examine an officer to test his credibility at a suppression hearing. Therefore, a defendant may not claim that he is defenseless to the officer's testimony.

It is important to note that, at a hearing on a motion to suppress made by a defendant purportedly aggrieved by an illegal search and seizure, the burden is on the accused to prove that the search and seizure was unlawful. (Ill. Rev. Stat. 1983, ch. 38, par. 114—12(b).) A trial court's determination at the suppression hearing will not be overturned unless it is manifestly erroneous. Such is the case at bar. The trial court erroneously relied on *People v. Wombacher* (1982), 104 Ill. App. 3d 812, and *People v. Argenian* (1981), 97 Ill. App. 3d 592. In both of those cases the appellate court held that an officer's testimony that he smelled the odor of burning cannabis must be corroborated in order to establish probable cause. Such additional corroboration is not required where a trained and experienced police officer detects the odor of cannabis emanating from a defendant's vehicle.

Hence, to the extent that our holding in this case conflicts with the holdings in *People v. Wombacher* (1982), 104 Ill. App. 3d 812, *People v. Argenian* (1981), 97 Ill. App. 3d 592, and any other case dealing with this issue, they are incorrect and are not to be followed.

Therefore, we reverse the circuit and appellate courts and remand this cause to the circuit court for a trial at which the evidence obtained from Officer Eakle's search is to be admissible.

*Reversed and remanded.*

JUSTICE SIMON, dissenting:

The majority's holding that the police officer's uncorroborated detection of the odor of cannabis was sufficient to allow a warrantless search allows police officers

who either choose to ignore the Constitution or mistakenly break the law the avenue to abuse the fourth amendment of the United States Constitution.

That amendment protects citizens "against unreasonable searches and seizures." One form of protection against unreasonable intrusions is the warrant which can only be issued upon a finding of probable cause by a neutral and detached magistrate. (See, *e.g., United States v. Ross* (1982), 456 U.S. 798, 72 L. Ed. 2d 572, 102 S. Ct. 2157.) Many situations, though, do not permit the time required for preintrusion scrutiny involved in obtaining a warrant. The warrantless search, conducted without this protection, must still meet the probable cause requirement when accompanied by some exigent circumstance which justifies forgoing the warrant. See, *e.g., Chimel v. California* (1969), 395 U.S. 752, 23 L. Ed. 2d 685, 89 S. Ct. 2034.

The majority's holding abuses the probable-cause requirement because it does not require *any* corroboration of the officer's sense of smell, a completely subjective ground for probable cause. While an officer trained in odor detection may be very accurate, the Constitution requires more. *People v. Loe* (1973), 16 Ill. App. 3d 291, cited by the majority (106 Ill. 2d at 84), involved a situation different from the one presented here. In *Loe* the officer, after smelling marijuana, saw a roach butt in plain view. This corroboration justified the search. Likewise, any other corroboration, including rolling papers, erratic behavior, or any other observation by an officer, would supply a sufficient basis for a warrantless search.

One recent example, cited by the majority (106 Ill. 2d at 86), *People v. Smith* (1983), 95 Ill. 2d 412, involved a police officer who stopped the defendant's truck for a vehicle violation. Meeting the defendant between the squad car and truck, he smelled alcohol on the defendant's breath. But the officer's search did not depend only

on what he smelled. He then approached the truck and noticed, in plain view, an open bottle in a brown paper bag and a small wooden box often used to carry cannabis. *After* observing these objects, he searched the truck. The officer in that case had some tangible confirmation of his subjective observation.

This case, on the other hand, presents the narrow question of a warrantless search based merely on what the officer stated he smelled without any corroborating indications. Because the majority holding depends upon a completely subjective reaction which is virtually impossible to dispute, my judgment is that the majority opinion opens the door too wide to abuse, and I therefore dissent.