THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
LAWRENCE JONES, Defendant-Appellant.

Second District   No. 2—89—0468

Opinion filed June 5, 1991.

G. Joseph Weller, Paul J. Glaser, and Ingrid L. Moller, all of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan, and John Thomas Moran, of Law Offices of John Thomas Moran, of Chicago (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE DUNN delivered the opinion of the court:

Defendant, Lawrence Jones, was convicted of robbery (Ill. Rev. Stat. 1989, ch. 38, par. 18—1) and sentenced to a term of probation. On appeal, defendant contends that his motion to suppress his confession to the above offense was erroneously denied by the trial court and that the confession was the fruit of an illegal search which led to defendant's arrest for possession of cannabis. The dispositive issue is whether the arresting police officer had probable cause to search a small manila envelope that fell from defendant's wallet during the course of an investigatory stop. We affirm.

The following facts were brought out at the suppression hearing. On October 16, 1988, a man wearing a black stocking over his head robbed a gas station in North Chicago. The gas station attendant who was present at the time believed that the perpetrator had been in the station earlier that day buying some gum. On November 16, 1988, the same attendant thought that he saw the man who had robbed the station a month earlier using a pay phone outside the station. The attendant called the police.

Officer Roosevelt Pitts and one other officer from the North Chicago police department arrived at the station shortly thereafter. The attendant told them that the suspected perpetrator was outside in an automobile by the pay phone. Pitts and the other officer asked defendant to step outside the car, and defendant complied. Pitts then asked defendant for some identification. Defendant removed his wallet from a pocket and opened it up. When he did so, a small manila envelope fell out of the wallet and dropped to the ground.

Pitts testified that after the envelope fell to the ground, defendant tried to cover it with his shoe. Pitts told defendant to move his foot, and Pitts then picked up the envelope. Pitts had seen similar envelopes more than 50 times during his career as a police officer. Every time he had

seen such an envelope, it had been used to carry a controlled substance. When Pitts looked inside the envelope he found a green leafy substance that turned out to be cannabis. Pitts then placed defendant under arrest for unlawful possession of cannabis and took him to the police station where defendant subsequently admitted having committed the gas station robbery. It is undisputed that defendant did not give Pitts permission to search the envelope.

Defendant testified that the envelope in question was an inch wide and a little more than an inch long. Defendant testified further that he did not try to cover the envelope with his shoe after it fell out of his wallet and that Pitts picked it up immediately after it hit the ground.

The trial court denied the motion to suppress and found that Pitts had probable cause to search the manila envelope. After a stipulated bench trial was held, the trial court found defendant guilty of robbery and imposed sentence. Defendant now appeals. His sole contention on appeal is that the trial court's determination that Officer Pitts had probable cause to search the envelope was erroneous. Defendant raises no challenge to the propriety of the initial investigatory stop.

■■ At a suppression hearing, it is the trial court's function to determine the credibility of the witnesses, the weight to be accorded their testimony, and the inferences to be drawn from the evidence. (*People v. Galvin* (1989), 127 Ill. 2d 153, 163.) A trial court's ruling on a motion to suppress will not be disturbed upon review unless it is manifestly erroneous. (*Galvin*, 127 Ill. 2d at 162.) When such a motion is presented, the burden of proof is on defendant to demonstrate that the search and seizure were unreasonable and in violation of the fourth amendment. *People v. Neal* (1985), 109 Ill. 2d 216, 218.

■ The constitutional safeguards regarding searches and seizures in the Illinois Constitution and the fourth amendment of the United States Constitution only prohibit warrantless searches which are unreasonable. (*People v. Stout* (1985), 106 Ill. 2d 77, 86.) A warrantless search is permissible if there is probable cause to believe that a crime has been committed and that a search of a particular place or thing will disclose evidence or fruits of the offense. (*People v. Bradford* (1989), 187 Ill. App. 3d 903, 919.) In the context of searches and seizures, the question of what constitutes probable cause must be determined from the standpoint of the arresting officer with his or her skill and knowledge rather than that of an average citizen under the same circumstances. *Stout*, 106 Ill. 2d at 86.

■ The probable cause standard is a flexible, commonsense criterion which only requires that the facts available to an officer conducting a search would justify a person of reasonable caution in the belief that

certain items could be contraband, stolen property, or evidence of a crime. (*Texas v. Brown* (1983), 460 U.S. 730, 742, 75 L. Ed. 2d 502, 514, 103 S. Ct. 1535, 1543.) The standard does not require a showing that the officer's belief is correct or more likely true than false. (*Brown*, 460 U.S. at 742, 75 L. Ed. 2d at 514, 103 S. Ct. at 1543.) All that is required is a practical, nontechnical probability that incriminating evidence is involved. 460 U.S. at 742, 75 L. Ed. 2d at 514, 103 S. Ct. at 1543.

In *Brown*, a police officer, after stopping defendant's car, saw in defendant's hand a green, opaque party balloon which was knotted about one-half inch from the tip. The officer was aware that narcotics were often transported in opaque balloons which were tied in that manner. When defendant opened the glove compartment to look for his driver's license, the officer saw several small plastic vials, quantities of loose white powder and an open bag of balloons. The officer then reached into the car and picked up the balloon which contained a powdery substance that turned out to be heroin. The defendant was then arrested. See 460 U.S. at 733-34, 75 L. Ed. 2d at 508, 103 S. Ct. at 1538-39.

The court held in *Brown* that the officer had probable cause to believe that the balloon in the car contained a controlled substance. (460 U.S. at 742, 75 L. Ed. 2d at 514, 103 S. Ct. at 1543.) In so holding, the court stated, "[T]he distinctive character of the balloon itself spoke volumes as to its contents—particularly to the trained eye of the officer." (460 U.S. at 743, 75 L. Ed. 2d at 514, 103 S. Ct. at 1544.) The court also noted that the contents of the automobile's glove compartment suggested defendant might be in possession of controlled substances. 460 U.S. at 743, 75 L. Ed. 2d at 514, 103 S. Ct. at 1543-44.

Relying in part upon *Brown*, a New Jersey court has held that a police officer who saw a small manila envelope such as the one involved in this case in an open purse, and who knew such envelopes were commonly used for packaging marijuana, had probable cause to seize the envelope and look inside. (*State v. Pierce* (1983), 190 N.J. Super. 408, 417, 463 A.2d 977, 982.) Other courts have concluded, however, that there was no probable cause to search merely because small manila envelopes were found in defendant's possession. (See *Thomas v. State* (Ala. Crim. App. 1984), 453 So. 2d 1075, 1078; *People v. Vasquez* (1966), 51 Misc. 2d 1058, ____, 275 N.Y.S.2d 14, 20.) When, however, the presence of a small, manila envelope is combined with at least one other suspicious circumstance which would lead to a belief that the envelope contains a controlled substance, courts have held that there was probable cause to seize and search the envelope. See *P.L.R. v. State* (Fla. 1984), 455 So. 2d 363, 366 (envelope found in juvenile's possession at a known drug transaction site); *Purce v. United States* (D.C. App. 1984),

482 A.2d 772, 778 (envelope in plain view in car inches away from rolling papers and defendant unable to produce identification after twice being asked to do so); *Commonwealth v. Myers* (1983), 16 Mass. App. 554, 556-57, 452 N.E.2d 1170, 1172 (envelopes found in back seat of car behind apartment building from which narcotics had just been seized); *Price v. United States* (D.C. App. 1981), 429 A.2d 514, 518 (envelope found in car in spot where defendant's furtive gesture suggested it had been placed; car parked in area with large amount of narcotics activity).

We have examined the preceding out-of-State authorities because the two Illinois cases involving warrantless searches and seizures of small manila envelopes do not consider the same issue presented here. In *People v. Ricksy* (1990), 206 Ill. App. 3d 302, and *People v. Day* (1990), 202 Ill. App. 3d 536, officers who had made traffic stops conducted pat-down searches of the defendants for weapons under the doctrine of *Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868. Both defendants had rectangular objects in a pants pocket which turned out to be small manila envelopes containing controlled substances. The dispositive issue in both cases was whether, after conducting the pat-down searches, the officers reasonably believed that the objects could be weapons, and, therefore, had reasonable grounds for removing the envelopes from defendants' pockets and examining them. (*Ricksy*, 206 Ill. App. 3d at 309-10; *Day*, 202 Ill. App. 3d at 544-45.) In the case at bar, the issue is whether an officer who saw a small manila envelope in plain view had probable cause to search the envelope because of the likelihood it contained a controlled substance. *Ricksy* and *Day* provide no guidance on this issue.

■ In our view, the trial court's determination that probable cause existed for Officer Pitts to search the envelope was not against the manifest weight of the evidence. Assuming *arguendo* that the mere viewing of such an envelope was not sufficient to create probable cause, even though Officer Pitts had seen similar envelopes over 50 times and they had been used to carry controlled substances every time, it would certainly have created a strong suspicion in the mind of a reasonable individual with Pitts' experience and knowledge that the envelope contained a controlled substance. This suspicion combined with the suspicion arising from defendant's attempt to cover the envelope with his shoe to which Pitts attested was sufficient to establish probable cause in our opinion. While defendant denied doing this, it was the trial court's function to determine the credibility of the witnesses, and we presume in light of its ruling that the court found Pitts' testimony on this matter to be credible.

Defendant argues that his alleged attempt to cover the envelope with his shoe could be construed as an innocent gesture. Unless there is a chance that the wind will blow the object away, however, the natural way of retrieving an object which falls to the ground is to pick it up, not to first cover it with a shoe. There was no evidence presented that the wind was particularly strong or gusty on the day defendant was arrested. Therefore, the trial court could reasonably have concluded from the evidence that defendant's attempt to cover the envelope with his shoe was an attempt to hide it in the event Officer Pitts had not seen it fall to the ground. This would reasonably have led Pitts to conclude that the envelope contained contraband. This suspicion combined with the fact that such envelopes are commonly used to carry controlled substances was sufficient to establish probable cause. Our conclusion is consistent with the out-of-State authorities we have cited in which the presence of such an envelope combined with at least one other suspicious circumstance indicating it contains contraband has been held to establish probable cause which justifies a seizure and search of the envelope.

For the above reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

REINHARD, P.J., and UNVERZAGT, J., concur.