THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHARLES G. JACOBSON, Defendant-Appellant.

Fifth District   No. 5—90—0631

Opinion filed July 21, 1992.

David V. Grigsby, of Hillsboro, for appellant.

Kathryn Dobrinic, State's Attorney, of Hillsboro, and David B. Shaw, of Pittsfield (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant, Charles G. Jacobson, appeals from a judgment of the circuit court of Montgomery County finding him guilty of possession of a controlled substance in violation of section 402 of the Illinois Controlled Substances Act (the Act) (Ill. Rev. Stat. 1989, ch. 56½, par. 1402) and possession of cannabis in violation of section 4(b) of the Cannabis Control Act (Ill. Rev. Stat. 1989, ch. 56½, par. 704(b)). The sole issue on appeal is whether the trial court erred in denying defendant's motion to quash arrest and suppress evidence. We affirm.

On August 30, 1989, defendant was charged by information with unlawful possession of a controlled substance and unlawful possession of cannabis. On February 20, 1990, defendant filed a motion to quash arrest and suppress evidence. A hearing on the motion was held on March 26, 1990, at which time the following evidence was adduced. Michael A. Sheeley, special agent for the Illinois State Police, testified that on August 11, 1989, he was driving southbound on Interstate 55 in an unmarked vehicle when he noticed two men in the vehicle in front of him smoking what appeared to be a marijuana cigarette. Sheeley based this assumption on his observations of the way the two men passed what appeared to be a small, hand-rolled cigarette back and forth several times, the way they handled the cigarette, and the way they inhaled the smoke. Sheeley then radioed the Illinois State Police headquarters and requested that a uniformed officer be sent to stop the vehicle containing the two men. Trooper George Martin re-

sponded and stopped the vehicle. At that time, Martin engaged defendant in a conversation while Sheeley spoke to the passenger. Sheeley detected what he believed to be the odor of marijuana and asked the men to step out of the car. Both men were frisked and asked for permission to search their vehicle. After obtaining permission from both men, Martin and Sheeley searched the car and found two film canisters, one containing marijuana and the other containing LSD. Sheeley testified that through experience and training he has observed people smoking marijuana cigarettes on several occasions, making him familiar with both the actions and the odor involved in such activity.

The only other witness who testified at the suppression hearing was defendant. Defendant testified that he has smoked unfiltered Camel cigarettes since 1968 and that he was smoking a Camel and sharing it with the passenger at the time he was stopped by Martin on August 11, 1989.

In an order dated May 1, 1990, the trial court denied defendant's motion to quash arrest and suppress evidence, finding the intrusion of stopping the vehicle was reasonable:

"[Sheeley] has testified to specific, articulable facts from which he could reasonably infer from the circumstances that the occupants of [defendant's car] were smoking a marijuana cigarette."

The matter proceeded to trial where defendant was found guilty of both offenses, sentenced to serve two years of probation and four days in the county jail, and ordered to pay a $750 fine.

■ On appeal, defendant contends that the trial court erred in denying his motion to quash arrest and suppress evidence. The narrow issue presented for review is whether Sheeley's investigatory stop of defendant was proper. As both parties correctly assert, it is well settled that a police officer, under appropriate circumstances and in an appropriate manner, may approach an individual for purposes of investigating possible criminal behavior, even though there is no probable cause to arrest, provided, however, that the officer's decision to stop is based on specific and articulable facts which, when combined with rational inferences from those facts, reasonably warrant the investigative intrusion. (*Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868; *People v. Tassone* (1968), 41 Ill. 2d 7, 241 N.E.2d 419.) The *Terry* standard has been codified in section 107—14 of the Code of Criminal Procedure of 1963, which provides, in pertinent part:

"A peace officer, after having identified himself as a peace officer, may stop any person in a public place for a reasonable period of time when the officer reasonably infers from the circumstances that the person is committing, is about to commit or has committed an offense ***." Ill. Rev. Stat. 1989, ch. 38, par. 107—14.

Defendant argues that Sheeley was operating under a mere suspicion that defendant was smoking marijuana and was not justified in making a warrantless stop. In support of his argument, defendant cites *People v. Fox* (1981), 97 Ill. App. 3d 58, 421 N.E.2d 1082, in which the court held that mere suspicion or hunch is not sufficient to warrant an investigatory stop. The State argues that Sheeley relied upon specific, articulable facts from which he could reasonably infer under the circumstances that defendant was smoking a marijuana cigarette, in accordance with the *Terry* standard. We agree. As stated earlier, Sheeley testified that he clearly observed defendant and another man passing what appeared to be a short, hand-rolled cigarette back and forth as many as four times. He further observed that the manner in which the two men handled and inhaled the cigarette was consistent with smoking a marijuana cigarette as known by Sheeley through experience and training. Such facts, as articulated by Sheeley, constitute more than a mere hunch or suspicion. Applying the *Terry* standard to the facts articulated by Sheeley, the trial court determined that it was rational for Sheeley to infer that defendant was smoking marijuana and that inference reasonably warranted the investigatory intrusion. A trial court's determination at a suppression hearing will not be overturned unless it is manifestly erroneous. (*People v. Stout* (1985), 106 Ill. 2d 77, 88, 477 N.E.2d 498, 503.) Such is not the case at bar. We conclude that the investigatory stop by Sheeley and Martin was not improper and the trial court was correct in denying defendant's motion to quash arrest and suppress evidence.

For the foregoing reasons, the judgment of the circuit court of Montgomery County is affirmed.

Affirmed.

HARRISON and RARICK, JJ., concur.