# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs July 17, 2007

## STATE OF TENNESSEE v. TRISTON LEE HARRIS

**Appeal from the Circuit Court for Lawrence County**
**No. 25348   Jim T. Hamilton, Judge**

---

**No. M2006-01532-CCA-R3-CD - Filed February 6, 2008**

---

JOSEPH M. TIPTON, P.J., dissenting.

I respectfully dissent from the conclusion that probable cause did not exist for the search of the defendant. I would hold that the canine's positive alert on the defendant's car provided the authorities with probable cause to search the defendant, the car's driver.

I believe United States v. Di Re, 332 U.S. 581, 68 S. Ct. 222 (1948), cited by the majority, is not controlling. In Di Re, the Supreme Court held that probable cause to search a car did not automatically extend to a search of its passengers. Id. However, it is noteworthy that in Di Re, the defendant was a passenger in a car with another person who possessed counterfeit ration coupons, and the government had information implicating the other person but not implicating the defendant. Id.; see Maryland v. Pringle, 450 U.S. 366, 373-73, 124 S. Ct. 795, 801 (2003) (distinguishing Di Re on this basis). I also note that one treatise shows some criticism of Di Re's reasoning that analogized from a search of "fixed premises" under a search warrant.

> Under the rejuvenescent [Trupiano v. United States, 334 U.S. 699, 68 S. Ct. 1229 (1948)], rule and the thrust of the [Chimel v. California, 395 U.S. 752, 89 S. Ct. 2034 (1964)] case, one might reasonably say that if the officers want to search people as well as premises, they should get a warrant that says so. But this will not do for emergency searches of vehicles, and it seems absurd to say that the occupants can take the narcotics out of the glove compartment and stuff them in their pockets, and drive happily away after the vehicle has been fruitlessly searched.

3 Wayne R. LaFave, Search and Seizure § 7.2(e) (3d ed. 1996) (quoting Model Code of Pre-Arraignment Procedure § SS 260.3(2)(1975)).

In any event, I believe the present case is more analogous to cases in which an officer smells the odor of marijuana emanating from a car, providing the officer with probable cause to search the car's occupants.  See, e.g., State v. K.V., 821 So.2d 1121 (Fl. Dist. Ct. App. 2002); State v. Chambliss, 752 So.2d 114 (Fla. Dist. Ct. App. 2000); People v. Stout, 477 N.E.2d 498 (Ill. 1985); Dunn v. Commonwealth, 199 S.W.3d 775 (Ky. Ct. App. 2006).  In this regard, the narcotics dog's detection of contraband on the passenger side of the car provided information tending to implicate the defendant, the driver of the car, in a crime and establishing probable cause for a search of his person.  Accordingly, I would affirm the trial court's ruling on the motion to suppress.

 

 

 

 

_____

JOSEPH M. TIPTON, PRESIDING JUDGE