THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. TODD WASHINGTON, Defendant-Appellee.

First District (4th Division)   No. 1—92—0630

Opinion filed November 12, 1992.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Eileen O'Neill, and Laura Bertucci, Assistant State's Attorneys, of counsel), for the People.

Rita A. Fry, Public Defender, of Chicago (Pamela Pfrang, Assistant Public Defender, of counsel), for appellee.

JUSTICE LINN delivered the opinion of the court:

Defendant Todd Washington was charged by information with possession of less than 15 grams of cocaine with the intent to deliver. A hearing on defendant's motion to suppress was conducted on January 21, 1992, and the trial court sustained the motion. On appeal, the State contends that the order suppressing the evidence was manifestly erroneous because the evidence was in plain view when seized.

BACKGROUND

At the hearing, Officer Hardy White testified that he and five other officers traveled to 5100 South State Street in the Robert Taylor public housing development around 2:15 p.m. on September 12, 1991. Officer White testified that he had received information that an individual wearing a black jogging suit was selling narcotics outside that address. He received this information from a police employee who reported that the tip arose from the Chicago Housing Authority (CHA) hotline, a telephone line provided so that CHA residents could contact the police with information concerning criminal activity. Officer White did not reveal when he received the information nor when the call to the CHA hotline was received. In addition, he did not have any information concerning who made the call.

Upon arrival at the location, Officer White saw defendant sitting outside the building. As the plainclothes officer exited the unmarked vehicle, defendant ran into the building. Defendant was subsequently apprehended inside the building. At this time, Officer White asked defendant his name and address. While they were talking, White observed a plastic bag protruding from defendant's waistband. White then removed the plastic bag.

On cross-examination, Officer White testified that he had also been informed that, according to the hotline report, the black jogging suit had gold lettering on the back which read "Clubs For All Reasons." He added that defendant was wearing a black jogging suit and the lettering on the back matched the description. Officer White also testified that defendant stopped inside the building because officers were approaching from two directions. He observed about three inches of the plastic bag protruding from defendant's waistband, but was unable to see the contents of the bag.

Officer White testified that he had been a police officer for 23 years and had made more than 300 drug-related arrests. He further

testified that cocaine is frequently packaged in small, transparent, plastic bags. When he removed the plastic bag from defendant's pants, he expected to find some type of controlled substance. The bag contained 54 smaller bags each of which held white "rock" cocaine.

On redirect examination, Officer White responded that he had seen sandwich bags such as the one seized from defendant used to hold cocaine, heroin and sandwiches. He further testified that he did not see any of the smaller bags which he described as being commonly used to hold cocaine until he removed the plastic bag from defendant's pants.

OPINION

The State contends that the trial court's determination was erroneous because the seized evidence was admissible pursuant to the plain view exception to the warrant requirement. Defendant contends that this argument is waived.

Initially, we note that issues not presented to the trial court are generally deemed waived on appeal. (*People v. O'Neal* (1984), 104 Ill. 2d 399, 407, 472 N.E.2d 441; *People v. Holloway* (1981), 86 Ill. 2d 78, 91, 426 N.E.2d 871.) The principle of waiver applies to both the defendant and the State in a criminal case. *O'Neal*, 104 Ill. 2d at 407; *Holloway*, 86 Ill. 2d at 91.

■ Our review of the record reveals that although the State did not use the words "plain view" during argument at trial or upon its oral motion for review, the doctrine was presented to the court. Specifically, the assistant State's Attorney argued that the police officer properly conducted a field interview with defendant and while questioning defendant, the officer saw a portion of a plastic bag protruding from defendant's waistband. The prosecutor then noted that the officer testified that he had previously seen narcotics packaged in plastic bags on numerous occasions. This argument, as discussed below, sets forth the requirements for the plain view exception. Thus, we find that the instant case does not mandate application of the waiver rule simply because the prosecutor did not specifically identify this argument using the words "plain view."

We now turn to the merits of the State's contention on appeal. We note that in reviewing a trial court's determination on a motion to suppress, the reviewing court will not reverse such determination unless it is manifestly erroneous. *People v. Chavez* (1992), 228 Ill. App. 3d 54, 66, 592 N.E.2d 69.

The fourth amendment to the United States Constitution and article I, section 6, of the Illinois Constitution do not prohibit all searches made without a warrant, but only those which are unreasonable. (U.S. Const., amend. IV; Ill. Const. 1970, art. I, §6; *California v. Acevedo* (1991), 500 U.S. 565, 114 L. Ed. 2d 619, 111 S. Ct. 1982; *People v. Stout* (1985), 106 Ill. 2d 77, 86, 477 N.E.2d 498.) It is clear that when Officer White removed the plastic bag from defendant's waistband, he had no warrant to sanction that conduct. Consequently, we must determine whether the seizure was reasonable.

The State argues that the seizure of the plastic bag was justified under the plain view exception to the general warrant requirement. We agree.

■ In *Horton v. California* (1990), 496 U.S. 128, 110 L. Ed. 2d 112, 110 S. Ct. 2301, the Supreme Court discussed the factors necessary in order to validate a warrantless seizure under the plain view doctrine and held that the admission of such evidence requires only that the initial intrusion was lawful and that it was immediately apparent to the officers that the observed item may be contraband or evidence of a crime. (*Horton*, 496 U.S. at 142, 110 L. Ed. 2d at 126, 110 S. Ct. at 2310.) This decision specifically rejected the requirement that the discovery of the evidence be inadvertent as previously stated in *Coolidge v. New Hampshire* (1971), 403 U.S. 443, 469, 29 L. Ed. 2d 564, 585, 91 S. Ct. 2022, 2040. In addition, there must be probable cause to associate the property with criminal activity. *Arizona v. Hicks* (1987), 480 U.S. 321, 326, 94 L. Ed. 2d 347, 355, 107 S. Ct. 1149, 1153.

Considering the first element in this analysis, we note that a warrantless stop may be justified where the police come across evidence while in "hot pursuit" of a fleeing suspect. See *Warden v. Hayden* (1967), 387 U.S. 294, 298-99, 18 L. Ed. 2d 782, 787, 87 S. Ct. 1642, 1645-46.

■ In the instant case, the evidence presented to the trial court established that the officers went to 5100 South State Street based upon a tip that narcotics were being sold outside the building by a person wearing a black jogging suit with gold lettering on the back which read "Clubs For All Reasons." When the police arrived, they observed the defendant sitting outside. Defendant was wearing a black jogging suit with gold lettering which matched the description received by the police. As Officer White exited his unmarked vehicle, defendant ran into the building and was subsequently apprehended. While asking defendant his name and address, Officer

White observed about three inches of a plastic bag protruding from defendant's waistband. Thereafter, White removed the plastic bag. This evidence established that the initial stop was lawful because it was effected while the police were in "hot pursuit" of defendant, who had begun to flee as soon as he saw the officers.

Our examination of the record also reveals that the second element in this analysis was satisfied. The evidence presented demonstrates that it was immediately apparent to the police that the plastic bag might contain contraband. Officer White testified that he had made over 300 drug-related arrests during his 23 years on the force. Based upon this experience, he was aware that cocaine was frequently packaged in small, transparent, plastic bags. Officer White testified that although he was unable to see the contents of the bag, he expected to find some type of controlled substance when he removed the plastic bag. Thus, the uncontradicted testimony of this experienced officer established that he believed the plastic bag contained contraband. (See *People v. Morales* (1991), 221 Ill. App. 3d 13, 19, 581 N.E.2d 730.) It is also significant that the plastic bag was recovered from defendant's waistband rather than from his pocket or his hand.

Finally, we hold that the testimony of Officer White established that he had probable cause to believe that the plastic bag was associated with criminal activity.

Based upon the facts and circumstances surrounding the discovery of this evidence, we conclude that the record supports a finding that the plastic bag was properly seized under the plain view doctrine and that the officer had probable cause to believe that the bag contained contraband. We hold, therefore, that the trial erred in granting defendant's motion to suppress.

For the forgoing reasons, the order of the circuit court of Cook County is reversed, and the cause remanded.

Reversed and remanded.

JIGANTI, P.J., and JOHNSON, J., concur.