# ILLINOIS OFFICIAL REPORTS

## Appellate Court

*People v. Garcia*, 2012 IL App (1st) 102940

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CESAR GARCIA, Defendant-Appellant. |
| District & No. | First District, Sixth Division<br>Docket No. 1-10-2940 |
| Filed | September 28, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Standing alone, an officer's observation of the end of a plastic baggie protruding from defendant's pants pocket did not provide probable cause for defendant's warrantless arrest under the plain-view exception to the warrant requirement. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 08-CR-7107; the Hon. William T. O'Brien, Judge, presiding. |
| Judgment | Reversed; sentence vacated. |

Counsel on
Appeal

Michael J. Pelletier, Alan D. Goldberg, and Jonathan Krieger, all of State
Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Carol
L. Gaines, and Kathleen E. Hagerty, Assistant State's Attorneys, of
counsel), for the People.

Panel

JUSTICE HALL delivered the judgment of the court, with opinion.
Justices Garcia and Gordon concurred in the judgment and opinion.

## OPINION

¶ 1     Defendant Cesar Garcia was arrested and charged with possession of less than 15 grams
of cocaine in violation of section 402(c) of the Illinois Controlled Substances Act (720 ILCS
570/402(c) (West 2006)). Following a stipulated bench trial he was found guilty and
sentenced to two years' felony probation.

¶ 2     The primary issue on appeal is whether the trial court erred in denying defendant's
motion to quash arrest and suppress evidence of drugs found in a plastic baggie for lack of
probable cause. Defendant maintains the trial court erred in finding that Chicago police
officer Romano had probable cause to seize a clear plastic baggie protruding from his front
pants pocket. The trial court determined that the seizure was justified under the plain-view
exception to the fourth amendment's warrant requirement. We find the trial court erred in
this regard.

¶ 3     In reviewing a trial court's ruling on a motion to suppress evidence, we apply the two-
part standard of review adopted by the United States Supreme Court in *Ornelas v. United
States*, 517 U.S. 690, 699 (1996). See *People v. Luedemann*, 222 Ill. 2d 530, 542 (2006).
Under this standard of review, findings of fact made by the trial court are given great
deference and will be upheld unless they are against the manifest weight of the evidence,
since the trial court is in a superior position to observe the witnesses' demeanor, weigh their
credibility, and resolve conflicts in their testimony. *People v. Jones*, 215 Ill. 2d 261, 268
(2005). However, reviewing courts remain free to undertake their own assessment of the
facts in relation to the issues and may draw their own conclusions when deciding what relief
should be granted. *Luedemann*, 222 Ill. 2d at 542; *Jones*, 215 Ill. 2d at 268. Therefore, we
review *de novo* the trial court's ultimate legal ruling as to whether suppression is warranted.
*Luedemann*, 222 Ill. 2d at 542; *Jones*, 215 Ill. 2d at 268.

¶ 4     The fourth amendment of the United States Constitution protects individuals from
unreasonable searches and seizures. U.S. Const., amend. IV. The central requirement of the
fourth amendment is reasonableness. *Illinois v. McArthur*, 531 U.S. 326, 330 (2001). The

general rule is that searches and seizures are unreasonable unless conducted pursuant to a judicial warrant issued by a neutral magistrate after a finding of probable cause. *McArthur*, 531 U.S. at 330. However, courts have established certain exceptions to the warrant requirement. One such exception relevant to this case is the plain-view exception. This exception allows a police officer to seize an object without a search warrant if the officer is lawfully located in the place where he observed the object, the object is in plain view, and the object's incriminating nature is immediately apparent. *People v. Chavez*, 228 Ill. App. 3d 54, 69 (1992).

¶ 5        At issue in this case is the third element of the plain-view exception. Whether the incriminating nature of the plastic baggie protruding from defendant's front pants pocket was immediately apparent.

¶ 6        The facts in this case reveal that on March 10, 2008, at approximately 2 a.m., defendant was riding as a passenger in a vehicle when Officer Romano observed him throw an object or a large can out of the passenger-side window. The officer stopped the vehicle to issue defendant a citation for littering. At this point, the officer's stop of the vehicle was supported by probable cause and was therefore justified at its inception.

¶ 7        Defendant allegedly made a "snide" remark, denying that he threw anything out of the car. Officer Romano then ordered defendant to exit the vehicle. Although making a "snide" remark should not occasion police removing someone from his car, Officer Romano was justified in ordering defendant to step out of the vehicle based upon his conduct of throwing the can out of a moving vehicle. It is well established that following a lawful traffic stop, the police may, as a matter of course, order the driver and any passengers out of the vehicle pending completion of the stop without violating the protections of the fourth amendment. *Maryland v. Wilson*, 519 U.S. 408, 410 (1997); *People v. Sorenson*, 196 Ill. 2d 425, 433 (2001).

¶ 8        When defendant exited the vehicle, Officer Romano noticed "plastic" protruding two to three inches from the defendant's right front pants pocket. On cross-examination, the officer testified that what she observed was a "clear knotted plastic bag." Based upon her 13½ years of experience as a police officer, which included 300 to 400 narcotics-related arrests, Officer Romano believed that the clear knotted plastic bag might contain illegal narcotics. Without defendant's consent, the officer removed the plastic bag from the defendant's pocket and discovered a white powdery substance believed to be cocaine. At this point defendant was placed under arrest.

¶ 9        In order for Officer Romano to have had probable cause to seize the plastic baggie under the plain-view exception, it must have been immediately apparent to her that the plastic baggie was evidence of a crime or contraband. "The requirement that an item's criminal nature be 'immediately apparent' essentially translates into a probable cause requirement." *People v. Watkins*, 293 Ill. App. 3d 496, 502 (1997).

¶ 10      Probable cause is a flexible, commonsense standard (*People v. Taggart*, 233 Ill. App. 3d 530, 554 (1992)), which has both a subjective and an objective component. *People v. Velleff*, 94 Ill. App. 3d 820, 823 (1981); *People v. Long*, 369 Ill. App. 3d 860, 867 (2007). Probable cause exists where the police have knowledge of facts that would lead a reasonable person

to believe that a crime has occurred and that it has been committed by the defendant (*People v. Bradford*, 187 Ill. App. 3d 903, 919 (1989)), and this belief must be objectively reasonable under the totality of the circumstances (*Long*, 369 Ill. App. 3d at 867). "The determination of probable cause to search is to be made after examining the totality of the circumstances, including the police officer's knowledge based on his prior law enforcement experience." *People v. Jones*, 269 Ill. App. 3d 797, 805 (1994).

¶ 11    Based on the circumstances of the traffic stop and objectively looking at the totality of the circumstances known to Officer Romano when she made the stop, we find that the officer did not have probable cause to seize the plastic baggie from defendant's front pants pocket. Officer Romano initially stopped the vehicle to issue defendant a citation for littering from a moving vehicle. After defendant complied with the officer's directive to exit the vehicle, she did not conduct a protective pat-down search and did not believe defendant was armed.

¶ 12    Once defendant exited the vehicle, Officer Romano noticed "plastic" protruding from defendant's right front pants pocket. The officer gave conflicting testimony as to the amount of "plastic" she initially observed. On direct examination, Officer Romano testified that she only saw two to three inches of plastic protruding from the pocket. However, on cross-examination, she answered "yes" to the following inquiry: "And when you were speaking to the defendant, you saw what was a clear knotted plastic bag, correct?" We believe that the officer's direct testimony is more specific and worthy of more credence than her mere response of "yes" to counsel's leading question on cross-examination. Moreover, the "Incident Narrative" in Officer Romano's arrest report stated in relevant part that, "[d]uring a field interview, A/O observed a piece of plastic sticking out of subjects right front coin pocket. Believing this to be narcotics, A/O removed this item and found it to be one clear knotted plastic bag containing white powder substance, suspect cocaine."

¶ 13    Nevertheless, even if Officer Romano had observed a clear knotted plastic baggie protruding from defendant's front pants pocket, this observation may have created a reasonable suspicion justifying further investigation, but such an observation standing alone generally does not rise to the level of probable cause. See, *e.g.*, *Cauls v. Commonwealth*, 683 S.E.2d 847, 852 (Va. Ct. App. 2009) (deputy's observation of knotted and frayed end of plastic baggie protruding from defendant's pants pocket, standing alone, not sufficient to provide probable cause under the plain-view exception because the baggie's incriminating character was not immediately apparent).

¶ 14    Suspicion is not a substitute for probable cause. See *Hunter v. Bryant*, 502 U.S. 224, 232 (1991) (Stevens, J., dissenting); see also *People v. Symmonds*, 18 Ill. App. 3d 587, 595 (1974) ("[t]he Illinois Supreme Court has said that the subjective belief of a police officer that an envelope contained in the pocket of a traffic offender contained gambling devices was an insufficient basis for a search of the envelope where it was not predicated upon other objective facts, such as something about the envelope itself or its visible contents which gave the police an indication of their illicit nature" (citing *People v. Tate*, 38 Ill. 2d 184, 187 (1967))).

¶ 15    In this case, Officer Romano acknowledged that she was not aware of the contents of the plastic baggie before she removed the baggie from defendant's pants pocket. Moreover, there

was no evidence that the officer observed anything in the vehicle or in the conduct of the defendant or the occupants of the vehicle that would have given her probable cause to seize the baggie. There was no evidence that Officer Romano stopped the vehicle during off hours in an area known for high drug activity, as in *People v. Hilt*, 298 Ill. App. 3d 121, 126 (1998). And unlike *People v. Washington*, 238 Ill. App. 3d 371, 372 (1992), there was no evidence that Officer Romano received information that defendant was selling drugs in a particular area or that he fled the scene when she approached him.

¶ 16    Innocuous objects such as plastic baggies, spoons, mirrors, and straws are often used in the narcotics trade. Allowing police officers to conduct warrantless searches whenever they observe one of these objects, with nothing more, could permit random searches condemned by the fourth amendment. *Commonwealth v. Garcia*, 614 N.E.2d 1031, 1035 (Mass. App. Ct. 1993). Absent some additional evidence of illicit activity, the mere possession of a clear plastic baggie protruding from a person's front pants pocket does not constitute probable cause to seize the baggie.

¶ 17    For the foregoing reasons, we reverse the trial court's denial of defendant's motion to quash arrest and suppress evidence, and we vacate his conviction for possession of a controlled substance.

¶ 18    Reversed; sentence vacated.