# Illinois Official Reports

## Appellate Court

---

### *People v. Williams*, 2020 IL App (1st) 172992

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SIMMEON WILLIAMS, Defendant-Appellant. |
| District & No. | First District, First Division<br>No. 1-17-2992 |
| Filed | June 29, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 17-CR-8749; the Hon. Vincent M. Gaughan, Judge, presiding. |
| Judgment | Reversed. |
| Counsel on Appeal | James E. Chadd, Patricia Mysza, and Gilbert C. Lenz, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg, John E. Nowak, and Joseph Kerins, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE WALKER delivered the judgment of the court, with opinion.<br>Presiding Justice Griffin and Justice Hyman concurred in the judgment and opinion. |

**OPINION**

¶ 1    The Cook County circuit court found Simmeon Williams guilty of possessing more than 30 grams of marijuana. Williams argues that the court should have suppressed the evidence found in a warrantless search of Williams's car. We find that the State did not show that the officer who searched the car had valid grounds for the search. We reverse the ruling on the motion to suppress, and because the State has no basis for the charge without the evidence the court should have suppressed, we reverse the conviction.

¶ 2                                                   I. BACKGROUND

¶ 3    On May 5, 2017, Officer Nicholas Mukite of the Chicago Police Department checked the license plate of a car he saw on Cermak Road. The database showed the license plate had expired. Officer Mukite curbed the car and asked the driver, Williams, to step out. Officer Juan Tapia searched the car and in the center console found a bag containing 7 vacuum-sealed bags holding a total of 31.3 grams of marijuana. Officer Mukite then arrested Williams. The State charged Williams with possessing more than 30 grams of marijuana.

¶ 4    Williams filed a motion to suppress the evidence, arguing that Officer Tapia did not have a valid basis for the search. The court decided to hear the motion together with the bench trial on the possession charge.

¶ 5    Officer Mukite testified that, when he approached the car, he smelled fresh marijuana. Officer Mukite admitted that police did not have a warrant to search the car. He did not ask Williams whether he had a license for medical marijuana. The video recorded by Officer Mukite's body camera showed that neither officer said anything about an odor of marijuana and Officer Mukite did not direct Officer Tapia to conduct the search. Officer Tapia did not testify.

¶ 6    The court found, "once the officer smelled the fresh marijuana, that's evidence that a crime had been committed and then he has a right to search the passenger compartment for other evidence." The court denied the motion to quash and found Williams guilty of possessing more than 30 grams of marijuana. The court sentenced Williams to 15 months' probation. Williams now appeals.

¶ 7                                                    II. ANALYSIS

¶ 8    On appeal, Williams argues that the trial court should have granted his motion to suppress evidence because the State failed to prove that Officer Tapia had valid grounds for searching Williams's car. We use the manifest weight of the evidence standard to review the trial court's findings of fact, and we review *de novo* the court's legal ruling on the motion to suppress. *People v. Litwin*, 2015 IL App (3d) 140429, ¶ 33.

> "The defendant bears the burden of proof on a motion to suppress evidence. [Citations.] If the defendant makes a *prima facie* showing that the evidence was obtained in an illegal search or seizure, the burden shifts to the State to provide evidence to counter the defendant's *prima facie* case. [Citation]. The ultimate burden of proof remains with the defendant, however." *People v. Cregan*, 2014 IL 113600, ¶ 23.

¶ 9    Williams made a *prima facie* case that police obtained the evidence illegally by showing that Officer Tapia searched Williams's car without a warrant. See *Cregan*, 2014 IL 113600,

¶ 26. The burden then shifted to the State to present evidence proving the search valid. See *Cregan*, 2014 IL 113600, ¶ 23.

¶ 10    "Generally, a police officer may rely upon information he or she obtains from a fellow officer engaged in the same investigation to establish probable cause." *People v. Corral*, 147 Ill. App. 3d 668, 673 (1986). For the validity of the search, "the test is objective: Would the facts available to the officer at the moment of the search warrant a man of reasonable caution in the belief that the action taken was appropriate?" (Internal quotation marks omitted.) *People v. Moss*, 217 Ill. 2d 511, 529 (2005).

¶ 11    We find the reasoning of *United States v. Thompson*, 561 F. Supp. 2d 938, 966 (N.D. Ill. 2008), persuasive. In *Thompson*, Officer Timothy Walter curbed Darnell Thompson's car and called for assistance from Officers John Maclaren and Chris Fraterrigo. Walter smelled alcohol on Thompson's breath. *Thompson*, 561 F. Supp. 2d at 941. After Walter arrested Thompson, Officers Maclaren and Fraterrigo searched Thompson's car and found a firearm. The State charged Thompson, a felon, with illegal possession of a firearm. *Thompson*, 561 F. Supp. 2d at 941-42. Thompson moved to suppress the evidence as the fruit of an illegal search. *Thompson*, 561 F. Supp. 2d at 941. The *Thompson* court found:

> "Walter *** did not search the car or direct any other officer to do so. Rather, the evidence showed that Maclaren and Fraterrigo searched the car on their own, without any prompting. There was no evidence that, at the time of the search, Maclaren or Fraterrigo had *** any awareness that [Thompson] was believed to have been driving while under the influence. The evidence adduced at the suppression hearing regarding how and why Maclaren was summoned to the scene was simply that Walter asked him to come there, without any indication why. Although Maclaren testified that he observed Walter conducting one of the field sobriety tests inside the 7-Eleven store, there is no indication that he observed Thompson fail the test or otherwise had any awareness of why Walter was performing the test.

> If Walter had directed Maclaren to search the car or had himself participated in the search, then Walter's knowledge of the evidence of Thompson's apparent intoxication could be imputed to Maclaren to attempt to justify the search. [Citation.] But Maclaren searched the car with Fraterrigo, not with Walter, and he did not indicate that Walter asked or told him to conduct a search.

> Nor can the government rely on the so-called 'collective knowledge' doctrine, under which the knowledge of officers who communicate with each other is attributed to all of them. This doctrine applies only when the officers are in communication. [Citations.] The government offered no evidence that there was any such contact between Walter and Maclaren—rather, it showed only that Maclaren was summoned to the scene at Walter's request, with no indication that Walter said what he was doing or why Maclaren was needed." *Thompson*, 561 F. Supp. 2d at 967-68.

¶ 12    Here, the State presented no evidence that Officer Tapia smelled marijuana. Instead, the evidence shows that Officer Mukite did not direct Officer Tapia to search the car, and Officer Mukite did not tell Officer Tapia that Officer Mukite smelled marijuana. We note that the trial court's ruling of law that Officer Mukite, the officer who smelled marijuana, had probable cause to search has no bearing on this case, because Officer Tapia, not Officer Mukite, conducted the search. Because the State did not meet its burden of producing evidence justifying Officer Tapia's search of the car, the court erred by denying the motion to suppress

the evidence seized in the search. Without the seized evidence, the court had no basis for finding Williams guilty of possessing more than 30 grams of marijuana. Accordingly, we reverse the conviction without remand. See *People v. Hyland*, 2012 IL App (1st) 110966, ¶ 36.

¶ 13                                    III. CONCLUSION

¶ 14        Because the State failed to present any evidence showing that Officer Tapia conducted a valid warrantless search of Williams's car, we must reverse the denial of the motion to suppress the evidence found in the search. Without the suppressed evidence, the State cannot show Williams guilty of possessing more than 30 grams of marijuana. We reverse the judgment of the trial court.

¶ 15        Reversed.