**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 180351-U

Order filed February 9, 2021.
Modified upon denial of rehearing March 8, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Henry County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-18-0351 Circuit No. 17-CF-32 |
| | ) | |
| MELISSA SALLEE, | ) ) | Honorable Jeffrey W. O'Connor, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE LYTTON delivered the judgment of the court.
Justices O'Brien and Schmidt concurred in the judgment.

_____

**ORDER**

¶ 1       *Held*:   The officer had probable cause to seize the safe that defendant was holding at the time of the traffic stop, and he lawfully seized the taser discovered in defendant's open purse pursuant to the plain view doctrine.

¶ 2       Defendant, Melissa Sallee, appeals her convictions for possession of methamphetamine with intent to deliver and unlawful possession of a weapon by a felon (UPWF).  Defendant argues the Henry County circuit court erred by denying her motion to suppress evidence.  We affirm.

¶ 3                                        I. BACKGROUND

¶ 4        The State charged defendant with possession of methamphetamine with intent to deliver
(720 ILCS 646/55(a)(1) (West 2016)), possession of methamphetamine (*id.* § 60(a)), and UPWF
(720 ILCS 5/24-1.1(a) (West 2016)).

¶ 5        Defendant filed a motion to suppress evidence, specifically a safe and a taser, arguing the
officer in question obtained the safe due to an unlawful seizure and discovered the taser via an
unlawful search. The testimony presented during the subsequent hearing showed that Sergeant
Chad Goff of the Galva Police Department stopped a vehicle, in which defendant was a passenger,
for failure to signal a turn within 100 feet of an intersection. Goff observed the vehicle leaving a
known drug house. After conducting background searches on the occupants of the vehicle, Goff
learned that defendant was a felon and had been convicted of drug-related offenses. Goff observed
defendant holding a small black safe with a combination lock.

¶ 6        Goff issued the driver a warning and received permission to search the vehicle. Goff
requested that all passengers exit the vehicle prior to the search. Before exiting the vehicle,
defendant attempted to place the safe between the front passenger seat and the console. When it
would not fit, she rested the safe on top of her open purse, which she left on the front passenger
seat. Defendant told Goff that the safe held $5000, which she received as part of a settlement after
an automobile accident. Defendant said that she could not open the safe because her daughter had
reset the combination. Goff seized the safe and told her that he would obtain a search warrant for
the safe.

¶ 7        Goff searched the vehicle and found cannabis and drug paraphernalia. The record does not
definitively establish whether Goff discovered the cannabis and drug paraphernalia before or after
he seized the safe. Goff testified that the safe drew his attention when he first approached the

2

vehicle because it was in defendant's hands and defendant's actions regarding the safe led Goff to believe defendant was trying to conceal it. However, Goff could not recall the order in which he searched the vehicle, discovering the cannabis and drug paraphernalia, and seized the safe.

¶ 8        Goff seized the safe based on the "totality of the circumstances," namely that the vehicle departed from a known drug house, defendant's criminal record, which included drug-related offenses, defendant's "furtive movements," which he interpreted as attempts to conceal the safe, and his concern that the safe contained a firearm or narcotics.

¶ 9        After seizing the safe, Goff observed a taser at the bottom of defendant's open purse. Goff seized the taser. Goff later obtained a search warrant for the safe, and found it held, *inter alia*, a bag containing a substance that tested positive for methamphetamine.

¶ 10        The court denied defendant's motion to suppress evidence, emphasizing Goff's extensive law enforcement experience and the fact that another judge had previously found there was probable cause to issue a search warrant for the safe:

> "[T]he probable cause aspect of this, it's already been decided because the very facts I heard here today were heard by Judge Patton who issued a search warrant, and by the issue of the search warrant, he's making a determination that there is probable cause. So any attack on a probable cause issue, in my opinion, it needs to go through the search warrant itself."

¶ 11        After a stipulated bench trial, the court convicted defendant of possession of methamphetamine with intent to deliver and UPWF. The court sentenced her to concurrent terms of six years' and three years' imprisonment, respectively. Defendant appeals.

¶ 12                                II. ANALYSIS

3

¶ 13    Defendant argues the court erred by denying her motion to suppress evidence because the officer lacked probable cause or reasonable suspicion to seize the safe, the officer unlawfully searched defendant's purse when he discovered the taser, and trial counsel provided ineffective assistance by failing to argue the officer discovered the taser as the result of an unlawful search. We disagree. The court properly denied the motion, as the officer had probable cause to seize the safe based on the events leading up to the seizure, and he lawfully seized the taser pursuant to the plain view doctrine.

¶ 14    We review a circuit court's ruling on a motion to suppress evidence under a two-part test. *People v. Absher*, 242 Ill. 2d 77, 82 (2011). "The circuit court's factual findings are upheld unless they are against the manifest weight of the evidence." *Id.* We review *de novo* whether suppression is warranted. *Id.*

¶ 15    The fourth amendment to the United States Constitution, which applies to the states under the fourteenth amendment, and article I, section 6, of the Illinois Constitution protect people from unreasonable searches and seizures. U.S. Const., amends. IV, XIV; Ill. Const. 1970, art. I, § 6. Ordinarily, an officer acts unreasonably by seizing an individual's personal property absent a warrant issued upon a probable cause showing. *United States v. Place*, 462 U.S. 696, 701 (1983). However, when an officer has "probable cause to believe that a container holds contraband or evidence of a crime, but [has] not secured a warrant, the [United States Supreme] Court has interpreted the [Fourth] Amendment to permit seizure of the property, pending issuance of a warrant to examine its contents." *Id.*

¶ 16    "Probable cause exists where the arresting officer has knowledge of facts and circumstances that are sufficient to justify a reasonable person to believe that the defendant has committed or is committing a crime." *People v. Jones*, 215 Ill. 2d 261, 273-74 (2005). "Probable

4

cause means more than bare suspicion." *Id.* at 273. An officer may rely on his "training and experience to draw inferences and make deductions" that might elude an untrained person. *Id.* at 274. When determining whether probable cause existed to conduct a seizure, "[a] court must examine the events leading up to the *** seizure, and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable law enforcement officer, amount to probable cause." *Id.* A warrantless seizure cannot be justified merely by evidence of an officer's subjective belief that probable cause existed. *People v. Lee*, 214 Ill. 2d 476, 484-85 (2005).

¶ 17 "Reasonable suspicion arises where specific and articulable facts, and rational inferences therefrom, reasonably justify an intrusion." *People v. Shapiro*, 177 Ill. 2d 519, 527 (1997). Reasonable suspicion is "a less demanding standard than probable cause" that requires more than an unparticularized suspicion or hunch. *People v. Timmsen*, 2016 IL 118181, ¶ 9.

¶ 18 Under the plain view doctrine, an officer may seize an object without a warrant during an investigative stop if: "(1) the officers are lawfully in a position from which they view the object, (2) the incriminating character is immediately apparent, and (3) the officers have a lawful right of access to the object." *People v. Augusta*, 2019 IL App (3d) 170309, ¶ 21. The plain view doctrine requires that the officer have probable cause to conduct a seizure. *Arizona v. Hicks*, 480 U.S. 321, 326 (1987). "However, if police lack probable cause to believe that an object in plain view is contraband without conducting some further search of the object, *i.e.*, if the incriminating character of the object is not immediately apparent, the plain view doctrine cannot justify the seizure." *Jones*, 215 Ill. 2d at 272.

¶ 19                                    A. The Safe

¶ 20 Defendant argues that Goff lacked probable cause to seize the safe. During his search of the vehicle, Goff discovered cannabis and drug paraphernalia. Additionally, Goff testified that he

seized the safe for the following reasons: he observed the vehicle depart from a known drug house, defendant's criminal history, which included drug-related offenses, defendant's "furtive movements," which he interpreted as attempts to conceal the safe, and his concern that the safe contained either narcotics or a firearm. These facts, viewed from the standpoint of an objectively reasonable law enforcement officer, amounted to probable cause that the safe contained contraband and permitted Goff to seize the safe pending the issuance of a search warrant. See *Place*, 462 U.S. at 701.

¶ 21        The record does not definitively establish whether Goff discovered the cannabis and drug paraphernalia before or after he seized the safe. However, the court did not clarify this ambiguity in defendant's favor by finding the seizure occurred before Goff searched the vehicle. In fact, the court found that Goff was a reliable witness based on his experience, a credibility determination that we accord great deference. *People v. Motzko*, 2017 IL App (3d) 160154, ¶ 18. On appeal, a defendant must demonstrate that the court's factual findings and credibility determinations are against the manifest weight of the evidence. *Absher*, 242 Ill. 2d at 82. Here, the court did not find that Goff's seizure of the safe occurred before he searched the vehicle and discovered the cannabis and drug paraphernalia, and defendant has failed to show this was against the manifest weight of the evidence. See *id.*

¶ 22        Defendant analogizes the instant case to *People v. Garcia*, 2012 IL App (1st) 102940, ¶ 16, where the appellate court held that the officer lacked probable cause to seize a clear, knotted plastic bag from the defendant's front pants pocket because "the mere possession of a clear plastic bag[ ] protruding from a person's front pants pocket does not constitute probable cause to seize the bag[ ]." The officer seized the plastic bag because he believed it contained illegal narcotics, based on his professional experience, which included over 13 years as a police officer and hundreds of

6

narcotics arrests. *Id.* ¶ 8. The officer was unaware of the plastic bag's contents prior to the seizure, and there was no evidence that the vehicle's contents or the defendant's conduct provided the officer with probable cause to seize the plastic bag. *Id.* ¶ 15. *Garcia* is distinguishable from the instant case. While Goff did not know the contents of the safe prior to seizing it, he discovered cannabis and drug paraphernalia in the vehicle. Goff also observed the vehicle leaving a known drug house, and defendant's actions relating to the safe led Goff to believe defendant was attempting to hide the safe. These facts, along with defendant's criminal history and Goff's concern that the safe contained either narcotics or a firearm, provided Goff with probable cause to seize the safe.

¶ 23    We need not address defendant's argument that Goff lacked reasonable suspicion to seize the safe, as Goff satisfied the more demanding probable cause standard. See *Timmsen*, 2016 IL 118181, ¶ 9.

¶ 24                                B. The Taser

¶ 25    Defendant further argues that when Goff seized the safe, he simultaneously conducted an unlawful search of defendant's purse and discovered the taser. Defendant contends that the taser should be suppressed because, under the plain view doctrine, Goff lacked probable cause to search the purse, as its incriminating nature was not readily apparent. Defendant acknowledges she forfeited this claim by failing to raise it at trial or include it in a posttrial motion. See *People v. Hillier*, 237 Ill. 2d 539, 544 (2010). However, defendant contends that trial counsel provided ineffective assistance by failing to argue this claim and therefore we should consider its merits.

¶ 26    We analyze ineffective assistance of counsel claims under the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Coleman*, 183 Ill. 2d 366, 397 (1998). To prevail on an ineffective assistance of counsel claim, defendant must show that (1) her

7

"counsel's performance was deficient in that 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment,' " and (2) but for "defense counsel's deficient performance, the result of the proceeding would have been different." *Id.* (quoting *Strickland*, 466 U.S. at 687). "The failure to satisfy either prong *** precludes a finding of ineffective assistance of counsel." *People v. Patterson*, 217 Ill. 2d 407, 438 (2005). "Courts, however, may resolve ineffectiveness claims *** by reaching only the prejudice component, for lack of prejudice renders irrelevant the issue of counsel's performance." *Coleman*, 183 Ill. 2d at 397-98.

¶ 27        Based on our review of the record, defendant cannot establish prejudice, as the proceeding's outcome would not have been different had trial counsel filed a motion to suppress the taser arguing that Goff unlawfully searched defendant's purse. Goff's conduct satisfied the plain view doctrine, which permits officers to seize an object without a warrant during an investigative stop. *Augusta*, 2019 IL App (3d) 170309, ¶ 21. After Goff removed the safe, he observed the taser in defendant's open purse. At that moment, (1) Goff was lawfully in the position from which he viewed the taser, as the driver consented to a vehicle search; (2) the taser's incriminating character was immediately apparent, as Goff previously conducted a background check on defendant and learned she was a felon and therefore not permitted to possess a taser (see 720 ILCS 5/24-1.1(a) (West 2016)); and (3) Goff had lawful access to the taser. See *Augusta*, 2019 IL App (3d) 170309, ¶ 21. Therefore, Goff lawfully seized the taser from defendant's open purse. Because the seizure was lawful, defendant cannot demonstrate that trial counsel provided ineffective assistance, as the proceeding's outcome would not have been different. See *Coleman*, 183 Ill. 2d at 397.

¶ 28                                III. CONCLUSION

¶ 29    The judgment of the circuit court of Henry County is affirmed.

¶ 30    Affirmed.