2021 IL App (1st) 200198-U

No. 1-20-0198

Order filed July 16, 2021

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 CR 9173 |
| | ) | |
| FALON GIBSON, | ) | Honorable |
| | ) | Domenica A. Stephenson, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Justices Cunningham and Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Defendant's convictions for possession of a controlled substance are affirmed over her contention the trial court should have granted her motion to suppress a plastic bag containing cocaine and heroin a police officer recovered from her vehicle.

¶ 2    Following a bench trial, defendant Falon Gibson was found guilty of possession of a controlled substance (PCS) and sentenced to 24 months' probation. On appeal, defendant contends the trial court erroneously denied her motion to suppress a plastic bag containing smaller bags of

cocaine and heroin where a police officer unlawfully reached into her vehicle and seized the bag. We affirm.

¶ 3    Defendant was charged with two counts of PCS with intent to deliver (720 ILCS 570/401(c)(1),(2) (West 2018)), which alleged she unlawfully and knowingly possessed with intent to deliver 1 to 15 grams of cocaine and 3 to 15 grams of heroin. As defendant only challenges the denial of her motion to suppress, we recite the facts necessary to decide this appeal.

¶ 4    Defendant filed a pretrial motion to quash arrest and suppress evidence, which alleged Chicago police officers stopped, searched, and arrested her at 12:28 p.m. on May 25, 2018, on the 900 block of North Lavergne Avenue. Defendant's "conduct was such that no reasonable person could have inferred that [s]he was in violation of any law." The officers did not display a warrant, and no one consented to the stop, search, and seizure. The officers recovered suspect narcotics from an area over which defendant had a reasonable expectation of privacy. Defendant requested the court bar the use of any evidence recovered during this "unreasonable search and seizure."

¶ 5    At a hearing, Sergeant Lazaro Altamirano testified he was on duty as a surveillance officer in a narcotics investigation at 12:28 p.m. on May 25, 2018, near West Walton Street and North Lavergne Avenue. He was wearing civilian clothes and driving a "covert" police vehicle. Altamirano had been a police officer for 16 years at the time of trial and knew "a lot of narcotics activity *** occur[ed]" near Walton and Lavergne.

¶ 6    Altamirano saw defendant, whom he identified in court, in a white 2008 four-door Pontiac Grand Prix, which was parked on the east side of Lavergne just north of Walton. Altamirano's vehicle was parked 35 to 45 feet away from defendant's vehicle. He saw a man approach defendant's vehicle and converse with her. Defendant then exited her vehicle and "a hand-to-hand

transaction occurred in which \*\*\* it was almost simultaneous where money was exchanged for a small item." Altamirano could not see what the small item was and did not hear any "drug solicitation." He used the radio to provide a "play-by-play" of the transaction to other officers on his team. Altamirano saw defendant reenter her vehicle.

¶ 7 Minutes later, Altamirano saw another man approach defendant's vehicle. Defendant got out and had a brief conversation with the man, who then gave defendant money in exchange for a small item in her hand. Altamirano did not see defendant holding a plastic bag with small items in it. Defendant returned to her vehicle. Altamirano gave his enforcement team "a description" and "advised them to approach." Within one minute, Altamirano saw the enforcement team arrive, park their police vehicle in front of defendant's vehicle, and approach it. One officer approached the driver's side of defendant's vehicle, and another officer approached the passenger side. Altamirano could not see what the officers did thereafter.

¶ 8 On cross-examination, Altamirano testified he believed defendant "was engaged in illegal narcotics activity" based on his training and experience.

¶ 9 Officer Anthony Pavone testified he was on duty, in plainclothes, and using an unmarked police vehicle at 12:28 p.m. on May 25, 2018. He had been a police officer for almost seven years at the time of trial. As Pavone's police vehicle approached the intersection of Walton and Lavergne, he saw a white four-door Pontiac Grand Prix with a certain license plate number parked on east side of Lavergne approximately 15 feet north of Walton. Pavone saw defendant, whom he identified in court, in the driver's seat of Pontiac. The doors of defendant's vehicle were closed, but its windows were open.

¶ 10    Pavone exited his vehicle and approached the driver-side window of defendant's vehicle. He saw a plastic bag containing "multiple small items" in defendant's right hand. The bag was either on defendant's leg or the vehicle's center console, on the right side of defendant's body. Defendant was trying to cover the bag by placing her hand over the top of the bag. Pavone believed the bag contained narcotics because, based on his training and experience making narcotics arrests, that is how narcotics are packaged. Pavone reached through the open window and took the bag out of defendant's hand. He saw the bag contained "20 black tinted zip lock bags containing suspect heroin and then 22 additional bags of suspect crack cocaine." None of the officers pointed their guns at defendant, and no one spoke in a loud tone of voice to her.

¶ 11    Pavone testified the plastic bag was "in plain sight" when he approached defendant's vehicle. He did not have a warrant to arrest defendant or search her vehicle. He did not see defendant commit a crime before he reached into her vehicle and did not see any suspected narcotics transactions. Pavone did not ask defendant any questions before reaching into her vehicle because he "didn't want the evidence to be destroyed." He acknowledged it is "not against the law to have plastic bags with items inside of it *** when you're sitting in your car."

¶ 12    On cross-examination, Pavone testified he was working enforcement and Altamirano was working surveillance. Before Pavone approached defendant's vehicle, Altamirano used the radio to tell Pavone he saw two instances in which a man approached defendant, engaged in a brief conversation, and handed money to her. Altamirano then saw defendant give "small items" to both men. Altamirano also saw defendant exit the driver's seat of her vehicle before each transaction and return to it after each transaction. Altamirano provided a description of "the seller of the narcotics" and a description of "the vehicle that the seller had been in" via radio. Defendant

matched Altamirano's description of the "seller," and her vehicle matched Altamirano's description as well.

¶ 13    On redirect examination, Pavone testified Altamirano did not say he saw defendant standing outside the car with a plastic bag with small objects in it or that she was retrieving suspect narcotics from a plastic bag with small objects in it.

¶ 14    In argument on the motion, defendant acknowledged Altamirano "saw two suspicious exchanges that justified an investigation," but contended her hand "concealed" the plastic bag and Pavone did not know what the bag was when he approached her vehicle. Defendant argued Pavone only realized the bag contained narcotics after reaching into her car and recovering it, which constituted a search. The State maintained Pavone saw the plastic bag "in plain view" and had an "entirely justified belief" defendant was selling illegal narcotics based on the information he received from Altamirano.

¶ 15    The court denied defendant's motion to suppress. The court concluded that "[b]ased upon the observations made by Sergeant Altamirano, Officer Pavone did have a reasonable articulable suspicion to approach the defendant in her vehicle and that she committed a crime." The court also concluded the plastic bag, with multiple items in it Pavone believed to be narcotics, was in plain view when Pavone recovered it. The court noted "Pavone did not say that the entire bag was concealed in the defendant's hands. He was able to see multiple items in that plastic bag." The court found recovery of the bag was appropriate and, when Pavone saw the 40-some bags of suspect heroin and cocaine, he had probable cause to arrest.

¶ 16    At trial, the parties stipulated to Altamirano and Pavone's testimony from the hearing on the motion to suppress. The parties also stipulated Pavone inventoried the plastic bag containing 22 bags of suspect cocaine and 20 bags of suspect heroin.

¶ 17    The parties stipulated Illinois State Police forensic chemist Naeemah Powell tested the inventoried items and concluded they were positive for cocaine and heroin. The estimated total weight of the items was 2.6 grams of cocaine and 7.6 grams of heroin.

¶ 18    The court found defendant guilty of two counts of simple PCS.

¶ 19    Defendant filed a motion for new trial, which alleged, *inter alia*, the court erred in denying her motion to suppress. The court denied this motion.

¶ 20    The court sentenced defendant to 24 months' probation.

¶ 21    On appeal, defendant contends the trial court should have granted her motion to suppress the cocaine and heroin Officer Pavone recovered from her vehicle. Specifically, she argues the "mostly covered" plastic bag was not in plain view, and Pavone lacked probable cause to reach into her vehicle and seize the bag when he could not tell what specific items were inside it. Defendant requests that we reverse her convictions for PCS.

¶ 22    At a hearing on a motion to suppress, the defendant has the burden to make a *prima facie* case the evidence in question was obtained by an illegal search or seizure. *People v. Brooks*, 2017 IL 121413, ¶ 22. That is, a defendant must establish the factual and legal bases for the motion to suppress. *Id.* When a defendant claims she was subjected to an illegal search, she must establish that there was a search and that it was illegal. *Id.* If a defendant makes a *prima facie* showing, the burden shifts to the State to rebut the defendant's *prima facie* case. *Id.* The defendant retains the ultimate burden of proof. *Id.*

¶ 23    We review the denial of a motion to suppress using two standards. *Id.*, ¶ 21. We give great deference to the trial court's findings of fact, which we will reverse only if they are against the manifest weight of the evidence. *Id*. We review *de novo* the legal issue of whether the evidence in question should have been suppressed. *Id.*

¶ 24    Both the United States Constitution and the Illinois constitution prohibit unreasonable searches and seizures by police. See U.S. Const., amend. IV; Ill. Const. 1970, art. I, § 6. A warrantless search is *per se* unreasonable. See *People v. McGhee*, 2020 IL App (3d) 180349, ¶ 31. However, the seizure of an object in plain view is not a search under the fourth amendment. *Illinois v. Andreas*, 463 U.S. 765, 771-72 (1983). Rather, "[t]he 'seizure of property in plain view involves no invasion of privacy *and is presumptively reasonable, assuming that there is probable cause to associate the property with criminal activity.*' " (Emphasis in original.) *People v. Jones*, 215 Ill. 2d 261, 272 (2005) (quoting *Texas v. Brown*, 460 U.S. 730, 741-42 (1983)). An officer may seize an object when (1) the officer is lawfully located in the place where he observed the object; (2) the object is in plain view, and (3) the object's incriminating nature is immediately apparent. *People v. Molnar*, 2021 IL App (2d) 190289, ¶ 12 (not yet released for publication and subject to revision or withdrawal) (citing *People v. Garcia*, 2012 IL App (1st) 102940, ¶ 4).

¶ 25    Defendant argues "[t]he mostly covered bag was not in 'plain view' and even if it was partially visible, its incriminating nature was not readily apparent to Pavone." Thus, only the second and third elements of the plain view doctrine are at issue, and we need not consider whether Pavone was lawfully located next to defendant's vehicle when he saw the bag.

¶ 26    Defendant first argues the plastic bag was not in plain view because it was covered by her hand. This argument essentially asks us to reverse the trial court's factual finding the bag was in

plain view, which we can only do if that finding is against the manifest weight of the evidence. See *Brooks*, 2017 IL 121413, ¶ 22. The record provides no support for such a conclusion. Pavone testified he saw the bag immediately when he approached the driver-side window of defendant's vehicle. Although defendant was "trying" to cover the bag with her hand, Pavone could see both the bag and multiple small items inside it. There is no basis for disturbing the trial court's conclusion the bag was in plain view.

¶ 27    Defendant cites *People v. Humphrey*, 361 Ill. App. 3d 947, 951 (2005), to argue that, because Pavone did not "understand" what he was viewing when he saw the bag, the bag was not in plain view. However, *Humphrey* addressed whether the incriminating nature of an object was immediately apparent, not whether the object was in plain view. *Humphrey*, 361 Ill. App. 3d at 950-51. Thus, *Humphrey* does not support a conclusion the plastic bag in this case was not in Pavone's plain view. The trial court could correctly conclude the plastic bag was in plain view.

¶ 28    As to the third element, defendant argues "Pavone's observation of unknown items in a plastic bag did not provide probable cause to believe that the mostly covered plastic bag contained contraband."

¶ 29    The plain view doctrine requires probable cause. *Jones*, 215 Ill. 2d at 272. If an officer lacks probable cause to believe the object in plain view is contraband, *i.e.*, if the object's incriminating nature is not immediately apparent, its seizure is not justified under the plain view doctrine. *Id.* Probable cause is " 'not a high bar.' " *Molnar*, 2021 IL App (2d) 190289, ¶ 15 (quoting *District of Columbia v. Wesby*, ___ U.S. ___, 138 S. Ct. 577, 586 (2018)). "It exists if, from the standpoint of an objectively reasonable officer, the items or events at issue create a reasonable probability that defendant committed or is committing a crime" *People v. Lee*, 2018 IL App (3d)

160100, ¶ 4. A mere hunch cannot support a warrantless seizure, but "a police officer views the facts 'though the lens of his police experience and expertise' and 'may draw inferences based on his own experience in deciding whether probable cause exists.' " *People v. Petty*, 2017 IL App (1st) 150641, ¶ 31 (quoting *Ornelas v. U.S.*, 517 U.S. 690, 699-700 (1996)). Probable cause to believe an object contains illegal narcotics does not require absolute certainty of its contents. *People v. Sinegal*, 409 Ill. App. 3d 1130, 1125 (2011).

¶ 30    We find Pavone had probable cause to believe the plastic bag contained illegal narcotics. Sergeant Altamirano saw defendant engage in hand-to-hand transactions with two men in which she took cash in exchange for small objects. These transactions occurred in an area Altamirano knew to be a frequent site of narcotics sales. The transactions also occurred next to defendant's vehicle immediately after she exited the vehicle, and she returned to the vehicle between both transactions. Thus, it was reasonable to infer defendant retrieved the small objects from her vehicle before each transaction. Altamirano relayed a "play-by-play" of these transactions to Pavone via radio, along with accurate descriptions of defendant and her vehicle. Pavone was entitled to rely on the information he received from Altamirano in making his probable cause determination. See *People v. Williams*, 2020 IL App (1st) 172992, ¶ 10 (to establish probable cause, officers may rely on information obtained from other officers engaged in the same investigation).

¶ 31    Pavone arrived at defendant's vehicle almost immediately and saw a plastic bag containing multiple small items on the right side of her body. Between Altamirano's information that defendant had engaged in suspect drug transactions less than a minute earlier and Pavone's experience that the bag next to defendant resembled how illegal narcotics are commonly packaged, it was reasonable for Pavone to infer the plastic bag contained contraband. See *Petty*, 2017 IL App

(1st) 150641, ¶ 31. Thus, Pavone had probable cause to believe the bag he seized was incriminating in nature, so his seizure of that bag was lawful under the plain view doctrine.

¶ 32    Defendant relies on *Garcia* for the proposition that, "[a]bsent some additional evidence of illicit activity, the mere possession of clear plastic baggies protruding from a person's front pants pocket does not constitute probable cause to seize the baggie." *Garcia*, 2012 IL App (1st) 102940, ¶ 16. *Garcia* is distinguishable because, here, the bag was not in defendant's pants pocket; it was on the right side of her body in her vehicle. More importantly, *Garcia* undermines defendant's argument because, in this case, there *was* additional evidence of illicit activity: Altamirano's observation of defendant making two hand-to-hand transactions, which he relayed to Pavone. Indeed, the only reason Pavone approached defendant's vehicle was because Altamirano informed him of the hand-to-hand transactions and told him to approach.

¶ 33    We also reject defendant's insistence that Pavone's seizure of the bag was only lawful if he had a "high level of certainty" as to its contents. The United States Supreme Court has explained the term "immediately apparent" does not "imply that an unduly high degree of certainty as to the incriminatory character of evidence is necessary for an application of the 'plain view' doctrine." *Brown*, 460 U.S. at 741 (1983); see also *Lee*, 2018 IL App (3d) 160100, ¶ 15 ("immediately apparent" does not mean an officer must immediately know an item is evidence of a crime). Pavone had probable cause to believe the bag next to defendant contained illegal narcotics, which is all that is required to justify his seizure of the bag under the plain view doctrine. See *Lee*, 2018 IL App (3d) 160100, ¶ 16. Accordingly, the trial court correctly denied defendant's motion to suppress.

¶ 34    For the foregoing reasons, we affirm defendant's convictions.

¶ 35    Affirmed.